## RINALDI v. RIVES.

Where there is written evidence in the power of the party to pro-
cure, parol evidence is inadmissible.

RIVES brought an action of debt in the Circuit Court
of Dallas county, in August, 1822, against Rinaldi
on a promissory note for $150, dated 6th September,
1820, payable 12th November, 1821. Rinaldi pleaded
*nil debet,* and a special plea, alleging that he gave said
note to the plaintiff to secure the payment of part of lot
No. 34, in the town of Cahawba, before that time pur-
chased by him of Rives; that said lot was sold by the
State of Alabama, at public sale, agreeably to law, in
May, 1819, for $——; that on the 28th November,
1821, an act of the General Assembly was passed, en-
titled " an act for the relief of purchasers of the first sale
*a Laws Ala. 826.* of lots in the town of Cahawba; *a* by which it is pro-
vided, among other things, that a deduction of fifty per
cent shall be granted to all purchasers or holders of lots,
sold at said sale, on their paying into the Treasury of the
State the amount due on the 20th of May, 1822; that
Rives, on said 20th of May, was the owner of lot 34, and
on that day, availed himself of the provisions of said act,
and obtained a deduction of fifty per cent on the sum then
due the State; that the 5th section of said act, secures
to purchasers of any part of a lot so sold, all the terms
and benefits thereby granted to original purchasers; that
he (defendant) was always, and now is ready to pay plain-
tiff the amount due by him according to the 5th section
of said act; also a tender of the same before action
brought, and refusal by the plaintiff to receive, &c.;
that he claimed the full amount, &c. The plaintiff
filed a general replication, and a verdict was found for
the plaintiff.

On the trial the defendant offered to prove that the
plaintiff had confessed that the facts set forth in the se-
cond plea of the defendant were true as therein stated.
The Court on objection made, refused to permit the facts
of the plea to be proved in that manner. The defendant
excepted, and brought the case to this Court, and now

assigns for error that said testimony was proper and should have been received.

THORINGTON, for the plaintiff in error.

H. G. PERRY, for the defendant.

## By JUDGE WHITE.

BY the 6th section of the act 1821, referred to, it is enacted that purchasers to obtain the benefit of its provisions, shall sign and file in the office of the Secretary of State, by the 20th of May, 1822, a declaration in writing, expressing their consent to the same, and that they shall pay to the Secretary for receiving, recording and filing the same, one dollar. If then the plaintiff below availed himself of the provisions of said act, as alleged in the second plea, there 'must have been written, if not record, evidence of that fact, accessible to the plaintiff in error, which he should have produced, or accounted for the non production of, before he could, according to the rules of law, be permitted to give an inferior grade of evidence to the jury, in support of his plea. We are therefore of opinion that the Court below did not err in rejecting the testimony, and that the judgement must be affirmed.