CLOUD v. PATTERSON.

Parol evidence cannot be admitted to shew a contract of sale of
land, when there is written, and consequently better evidence.

JAMES PATTERSON brought an action of assumpsit
against Samuel G. Cloud, in the Circuit Court of Cone-
cuh county, to recover on a note made by Cloud on the
4th May, 1824, for $650, payable to Patterson or bearer
on the 1st of January thereafter. The defendant plead-
ed nonassumpsit, want of consideration, and failure of
consideration. There was a verdict for the plaintiff and
judgement.

On the trial, the defendant tendered a bill of exceptions
as follows, which was sealed by the Court: " In this case
the defendant introduced parol evidence to prove that the
note on which the plaintiff had commenced his action,
was given in part for a house and lot in the town of
Sparta. The defendant then offered to prove that the
house and lot had been sold as the property of James
Spann, who had originally owned it. He was here stop-
ped by the Court, who decided that it was incumbent on
the defendant to produce the written evidence of the sale,
which was admitted to have been executed from Patter-
son, the plaintiff, to Cloud, the defendant; to which de-
fendant excepts," &c.

The cause was submitted on the error assigned by
Cloud, which was, that the Court erred in rejecting the
testimony as stated in the bill of exceptions.

By JUDGE WHITE.

THE question is, whether the Court erred in the opi-
nion given on the trial as stated ? We think not. There was
written, and therefore, superior evidence of the contract
of sale admitted to exist, than that offered by the defen-

dant below. Hence it was right to exclude the latter until the nonproduction of the former was accounted for in a way recognized by law. Let the judgement be affirmed.

JANUARY 1828.

Cloud
v.
Patterson.

JUDGE SAFFOLD not sitting.

SHORTRIDGE and ELLIS, for the plaintiff.

PARSONS, for defendant.

NOTE. See Minor's Ala. Rep. 410, 71, 257, 270.