ADMINISTRATORS OF JOHN MAY *vs.* REBECCA MAY.

*Error from Greene County Court.*

———◆———

If in the trial of a cause, a power of attorney comes in question, proof of
its contents, or of the name of the attorney in fact, mentioned therein,
is not admissible as testimony. The power of attorney must be pro-
duced, or its absence accounted for in the usual mode in which the
contents of written papers are admitted to be proved.

On the final settlement of the estate of John May, deceas-
ed, in the Orphans' Ceurt of Greene county, Rebecca May,
the defendant in error, had become entitled under an or-
der of distribution, to a certain sum of money, as her distri-
butive share of said estate. At her instance a *scire facias* is-
sued against the administrators, calling upon them to show
cause why she should not have execution for the same. The
defendants, in the court below, showed for cause, that the
plaintiff below had been paid in full of her demand, by the
transfer of a certain claim which they held against one Ash-
ley in South-Carolina, where Rebecca May resided ; and
that a full and entire control over said claim had been given
under power of attorney duly executed, to her. The plaintiff
below then introduced a witness, to prove that the power of
attorney above mentioned, had not been made to herself, but
to one Stark, and generally, its purport. On the defendant's
objecting to this testimony, as not being the best the nature
of the case admitted of, the court rejected evidence of its con-
tents, but admitted proof of the name of the attorney in fact,
to whom the same had been executed. To this determina-
tion of the court, the defendant below excepted, and on this
point the case comes up for revision here.

ERWIN, for Plaintiff.

STEWART, *contra.*—1 *Phil. Ev.* 180, 181—1 *Stark. Evid.*
371.

By Mr. Justice SAFFOLD.

On the settlement of the estate of John May, deceased, in
the Orphans' Court of Greene county, it was ordered that an
ascertained sum of money should be paid by the administra-
tors to Rebecca May, as the full amount of her distributive
share of said estate. At a subsequent term of the said court,
it was also ordered, that a *scire facias* issue, at the instance
of the said distributee, against the administrators, to show
cause why she should not have execution against them for
said share, which issued accordingly. Issue having been ta-
ken on a plea of payment and satisfaction, exceptions were
taken to the opinion of the court on a question of evidence,
which is the only point material to this decision. The point
may be briefly stated thus—the administrators had made
proofs, tending to show that the distributive share claimed by
the *scire facias* had been paid ; that the payment had been
effected in part, under a power of attorney forwarded to South
Carolina, where Rebecca May resided—the evidence con-
taining expressions implying that the power was to herself.
This proof consisted of facts embraced in an affidavit, offer-
ed by one of the administrators, on a motion for a continu-
ance. To avoid delay, the plaintiff below agreed to admit,
that the absent witnesses would swear to the facts of the affi-
davit, and proceeded to trial as though they had done so ; but
there was no consent on the part of the administrators to
waive any objection on their part. The plaintiff below of-
fered to prove by a witness present, that the power of attor-
ney referred to in the evidence against her, was not made to
herself, as supposed, but to one Theodore Starke—the ob-
ject being to rebut the presumption of payment having been
received under it. This evidence having been objected to by

the administrators, was admitted by the court. In admitting which, it is contended, the court erred—there being no foundation laid for the introduction of secondary evidence.

Adm'rs. May
vs.
May.

The rules are too well established to admit of contest, that the best evidence must be given which the nature of the case admits of, and which is in the power of the party to procure; and that parol evidence is of inferior grade to deeds and other instruments in writing. The principle is equally established, that if the instrument be in the hands of the adverse party, he must have notice to produce it, as a necessary foundation to secondary evidence of its contents. If it be in the hands of an indifferent person within the jurisdiction of the court, he can be required by *subpœna duces tecum*, to produce it; if without the jurisdiction, it is presumed to be within the power of the party to procure it; or if not the original, a proved copy, by means of depositions or otherwise—and whether or not, the party wishing the benefit of it, must show that he has used reasonable exertions to obtain the highest evidence.[a] This evidence was intended to prove part of the contents of a written instrument—even a deed. It was not brought within any of the exceptions to the general rule, denying the competency of parol evidence for this purpose; and we are of opinion, the court erred in admitting it—for which the judgment must be reversed, and the cause remanded.