FITZPATRICK, *et. al.* v. FEATHERSTONE AND McDOUGALD.

1. Chancery will not enforce the specific performance of a contract for the sale of lands, where it appears from the allegations of the bill, that the vendor has no title; for such a decree would be to compel the performance of an unlawful act.

2. A contract for the purchase of land, will not be rescinded, where the purchaser, does not offer to return the land to the vendor,; and a bill which alleges the inability of the vendor to make title, but declares the willingness of the vendee to pay the purchase money, upon receiving a complete title, does not authorise a decree to rescind the contract.

3. Where a bill is filed to obtain an injunction, and dismissed generally, such a decree will not bar an original bill for relief, in which other questions shall be presented.

This cause comes here by writ of error, from the Chancery Court sitting at Montgomery.

THE plaintiffs allege in their bill, that in the year 1836, they contracted with the defendant, Featherstone, for the purchase of several tracts of land, situate in the county of Macon, at the price of eleven thousand dollars—one half of this sum was to have been paid sixty days after the purchase, and the balance in twelve months. The sum first due has been paid, and for the payment of the last sum, they executed their promissory note, payable twelve months after date.

The lands agreed to be sold, it appears, were reservations of Creek Indians, under the treaty of 1832, and the vendor represented to the plaintiffs "that he possessed the approved contracts" therefor; and in a bond which he executed to the plaintiffs, covenanted to obtain patents for the lands by the first day of January, 1839, and to make titles to them for the same, as soon as patents should issue "from the government of the United States."

It is further stated, that the plaintiffs have never been in the *actual* possession of the lands in question; that Featherstone "never did possess the approved contracts for the same," and now resides without the limits of the State, and is of very doubtful solvency.

Fitzpatrick, *et al. v.* Featherstone and McDougald.

The complainants allege, that Featherstone made fraudulent representations to them touching his title to the lands, and a fraudulent combination between himself and co-defendant, by which McDougald became assignee of their second note, and has prosecuted a suit thereupon to judgment against them in the Circuit Court of Macon.

The complainants declare their readiness and willingness, and offer to pay the judgment recovered by McDougald, whenever their vendor shall make them titles pursuant to the condition of his bond.

It is prayed that execution upon the judgment may be enjoined, and that the defendants may answer; "and that your orators may have such other and further relief in the premises as to your honor shall seem meet, and the nature and circumstances of the case may require."

The defendants answered severally, very fully, denying all fraud and combination, wherewith they are respectively charged; and the defendant, Featherstone, avers, that he had approved contracts for the several tracts of land, and if patents had not been issued by the government for the same, they would issue as a matter of course. That he is willing to make the necessary titles to the complainants, and demurs to their bill because it is not alleged therein that a deed was ever presented to him for his execution.

The chancellor dissolved the injunction and dismissed the bill, because the answers denied all the material allegations, and there was no prayer for "relief beyond the injunction."—The dismissal of the bill is now assigned for error.

HARRIS, for the plaintiffs in error.
BASCOM, for the defendants.

COLLIER, C. J.—It is not insisted that the injunction was improperly dissolved, nor indeed can it be, as the answers contain a direct denial of the allegations of the bill on which the complainants rest their claim to equitable relief.

Though it does not explicitly appear whether the bill was dismissed upon a hearing of the cause, or on a motion to dissolve the injunction, yet we will suppose, that it was disposed of on the motion to dissolve. The question then is, do the facts

3

as stated by the complainants, and the general prayer of the bill, entitle them to further relief?

The only relief which the plaintiffs could claim upon a contract such as that shown by the record, beyond the injunction, is either a specific performance, or a rescission of the contract. But they do not seek either of these, and the premises do not authorise a decree either for the one or the other. It is charged that Featherstone has not, nor even had at the time of the sale to the plaintiffs, the approved contracts for the lands in question. Assuming this to be true, as against the plaintiffs, and chancery would not decree a specific performance. The interference of Courts of Equity in such cases is discretionary, and a specific performance will not be enforced where it is obvious that the vendor has no title—such a decree would compel the party to an unlawful act. 2 Story's Eq. 52–3, 79, 80–1.

In order to rescind a contract, the parties must be placed *in statu quo*, that is, the one party must have the property, with which he parted, and the other the money. The plaintiffs do not offer to relinquish their claim to the lands purchased, nor do they ask a return of the money, with which they parted; but they declare their willingness and readiness to pay the judgment recovered against them. There is nothing in all this, which shows a wish to be relieved from their contract, but it manifests an anxiety that titles should be made to them by their vendor, that they may with safety to their interest, satisfy the judgment against them.

Upon neither of the grounds examined, are the plaintiffs *entitled to relief on their bill as framed,* and it was therefore properly dismissed. It is no objection that the dismissal was general, instead of without prejudice, as it will not bar an original bill for relief, in which other questions shall be presented, than those litigated in the present case.

The contract between the parties appears to have been made in Georgia, and the note on which the judgment was recovered, is there dated; as it does not contemplate payment elsewhere, the *lex loci contractus* must determine its legal effect. And even if it be doubtful whether the laws of this State are the rule of decision, if McDougald became the proprietor of the note here, there can be no doubt, but the laws of Georgia are conclusive of his rights, if the indorsement was made there.

What are the laws of that State, it is unnecessary (from the view taken) to inquire.

The fact that the plaintiffs are not, nor ever have been in the *actual possession* of the lands, is every way immaterial. They doubtless have the constructive possession, "which is transferred to the vendee *eo instanti,* with the execution of the conveyance, by the statute of uses." Bliss, adm'r. v. Yancey, (1 Ala. Rep. N. S. 273.)

We have only to add that the decree is affirmed with costs.