## MORGAN v. PATRICK & SMITH.

1. An action in the case and not assumpsit is the proper remedy where the purchaser has accepted a deed for lands, and he has been defrauded by the omission to inform him of an outstanding incumbrance created by the vendor.
2. The admissions of a party are not evidence either of the conveyance of land, in another State, or that by the law of that State, judgments are a lien on lands. The rule is, that admissions, out of Court, will not establish deeds, records or statutes.

Writ of error to the Circuit Court of St. Clair County.

ASSUMPSIT by Patrick and Smith against Morgan, on the money counts.

After the trial of the case, a statement of the facts proved before the jury, and the questions supposed to arise thereon, was made by the counsel of the parties, and substituted in place of a bill of exceptions. To make out their case, the plaintiffs proved by oral testimony, that they had paid the money sued for, to one Neal, in the State of South Carolina, upon a judgment obtained by him in that State against the defendant, and also gave in evidence a certified transcript of the record of the cause. The interest statute of South Carolina was given in evidence. The defendant objected to the record as irrelevant to the issue between these parties, and excepted to the opinion of the Court allowing it as evidence. The plaintiffs produced two witnesses who testified that, in a conversation held with the defendant before this suit was brought, he stated that the said Neal had recovered a judgment against him in South Carolina; that the defendant had a tract of land there at the rendition of the judgment; that he knew at the time that this judgment bound, or was a lien on his land; that after the judgment was so rendered against him and his land bound, he sold it to the plaintiffs; that they did not know of the judgment, and he did not tell them of it; that since he left the State of South Carolina, the plaintiffs had paid the said judgment, but had done it without his knowledge or consent. This was all the proof on these points, and nothing was in evidence as to the character of the conveyance made by the defendant to the plaintiffs, or whether any was made as above. The questions are, can the action of assumpsit be maintained on these facts? Is it competent to prove, that the defendant sold the plaintiff a tract of land in South Carolina, and that a judgment in that State bound the land, by the admission of the defendant as before set out; or, should higher evidence have been given? If there was error in admitting any of the evidence heretofore certified by the presiding Judge; or if the action of assumpsit cannot be maintained; or if the declarations of the defendant, as above stated, are secondary evidence, or are insufficient to show the sale of land, or that by law judgments in South Carolina bind land; in either of these events it was agreed, the judgment in this case should be reversed; if otherwise, it is to be affirmed.

W. P. Chilton, for the plaintiffs in error, argued :

1. If the plaintiffs had a conveyance with covenants against incumbrances, they should sue upon that in accordance with the familiar principle, that assumpsit will not lie if the party have a higher security.

2. If he had no covenants, they have no right to charge the defendant for the amount paid in extinguishment of incumbrances. [Cullum v. Branch Bank at Mobile, 1 Ala. Rep., N. S. 21.]

3. The admissions of the defendant was no evidence, either as to the conveyance of lands, or to the lien of the judgment.

T. A. Walker, contra.

GOLDTHWAITE, J.—1. We think it clear that the judgment in this case must be reversed, upon the statement agreed to by the counsel.

The principal question is whether the action of assumpsit is the proper one in the event that the case of the plaintiffs was made out by legal evidence. This action is allowed wherever there is an express contract, not under seal, to pay money or perform a duty, or where one can be implied from the circumstances in proof. [Chitty on Plead. 93.] In this case, according to the facts agreed upon, the defendant sold to the plaintiffs a tract of land, knowing at the time it was incumbered by a judgment of which the purchasers were ignorant. There is no question, but that this was a fraud upon the purchasers, for which they had a remedy, although there might be no covenants of general warranty, or against incumbrances. Whereever there is a deceit coupled with an injury, it is said an action on the case will lie—(Pasley v. Freeman, 3 Term. 31,)—and even where a warranty under seal is executed, it has been held in this Court, that an action may notwithstanding, be maintained upon the deceit. [Cozens v. Whittaker, 3 S. &. P. 322.] It is true, this was a case where the warranty and deceit was with respect to personal property ; but the same rule is laid down as applicable to purchasers of land;— Cooper v. McLewry, Cooper, 308; 3 Coke on Litt. note, 381, a.—and is recognized in Cullum v. Branch Bank at Mobile,

4 Ala. Rep. 16. These citations, showing that an action on the case will lie on the fraud, whether there was or was not a covenant of warranty in the conveyance, are quite conclusive to prove that assumpsit is not the proper remedy in either case. In this case, however, it is impossible to know from the admissions of the party, whether the conveyance made by him was with or without covenant of warranty against incumbrances. If there was such a warranty it is clear that the party must resort to that, if he waives the deceit and proceeds upon the contract. [Dunn v. White, 1 Ala. Rep. 645.] Our opinion upon this part of the case is, that the action is misconceived and cannot be sustained under any proof of the facts stated.

2. We think it also very clear, that the admissions of the defendant were not evidence, either of the conveyance of the land by him, nor could they enable the Court to determine, that judgments in South Carolina are considered a lien upon lands. We must presume the common law to be in force until changed by statute; by this, a deed is necessary to convey the title to lands; by it also, we know that lands are not bound by judgments. The rule is, that admissions, out of Court, are not evidence to establish deed or records. [Hasbrouck v. Baker, 10 Johns. 19; Jenner v. Joliff, 6 Id. 9; Cloud v. Patterson, 1 Stew. 394.] And the same rule applies with greater force to statutes, which ascertain the rules of law, or give rights to individuals. [Willard C. Co. v. Hathaway, 8 Wend. 480; Rinaldi v. Rives, 1 Stewart, 174.]

The result of this examination is, that the judgment must be reversed, and the cause remanded.