## RUSSELL *vs.* LITTLE.

[BILL IN EQUITY TO RECOVER MONEY PAID THROUGH FRAUD AND MISTAKE.]

1. *Jurisdiction of equity, in cases of fraud and mistake, where remedy at law is adequate and complete.*—Equity will not entertain jurisdiction of a bill, the sole object of which is to recover money alleged to have been paid through ignorance or mistake of fact on the part of the complainant, and through fraudulent pretences on the part of the defendant, where the remedy at law is adequate and complete.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. WADE KEYES.

This bill was filed by Gray Little, the appellee, against David M. Russell; and its material allegations were, substantially, as follows: That on the 7th April, 1848, complainant purchased certain lands from one Blake Little, at the price of $10,000 to him in hand paid, and received from him a conveyance in fee for the same; that at the time of this purchase, and thence until after the happening of the matters hereinafter mentioned, complainant was wholly ignorant that there were any real or pretended liens on said lands; that said Blake Little was at that time greatly embarrassed with debts, and complainant was his surety for large sums, whereby he became a loser to a large amount; that said Blake, shortly after said sale, disposed of all his property in payment of his debts, and removed to parts unknown; that after complainant had paid the purchase money of said land, and after the departure of said Blake Little, said Russell caused executions to be issued on two judgments which he had obtained against-

said Blake in 1842, and, "falsely pretending that said judgments were unpaid, and not even allowing or mentioning any credits on them," caused said executions to be levied on said lands; that said lands were sold by the sheriff under said executions, and were bid off by one Barnes, who had become a party to the executions by going on a forthcoming bond, for the sum of $3,000; that complainant attended the sheriff's sale, and, through caution, forbid the sale; that Barnes consented that complainant might redeem and take the lands; that said Russell, who received the $3,000 bid at the sheriff's sale, pretending to sympathize with complainant on account of his losses by Blake Little, agreed to (and did) assume the debt which Barnes had contracted to raise the money, and to take complainant's bill for the amount; that Barnes accordingly conveyed the lands to complainant, and complainant executed his bill of exchange, payable at the Bank of Mobile; that this bill (except as to $500 paid before maturity) was extended at maturity, and another executed in lieu of it, which latter bill Russell passed, before maturity, to a purchaser for full value, and it is now outstanding against complainant; and that by these means "said Russell has received from complainant $3,000, by reason of his asserted lien on said lands, which sum complainant paid to disencumber his estate, believing, by reason of said Russell's acts and representations, that said judgments were unsatisfied liens thereon."

The bill further alleges that, after the occurrence of the aforesaid transactions, he discovered that said Blake Little was residing in Arkansas, and ascertained from him that Russell's said pretences about the lien of said judgments were false, and that said judgments had been paid long before the sale of said lands by said Blake to complainant; that complainant, after receiving this information from said Blake Little, called on Russell, and stated the facts to him; that Russell did not deny the receipt of the payments made by said Blake Little, but pretended that they had been applied to the satisfaction of other debts owing to him by said Blake, to which they were properly applicable; and complainant insists that said payments ought to have been applied in satisfaction and discharge of said judgments. The prayer of the bill is, " that an account may be taken of the amount (if any)

due on said judgments, and of the amount paid by complainant as aforesaid, and of all interest and damages to which he has been put by reason of his having wrongfully to assume and give said bills; that said Russell may be decreed to refund to complainant such sums as he has wrongfully taken, or made him liable for, by asserting the pretended non-payment and lien of said judgments"; and for general relief.

A demurrer for want of equity was interposed to the bill, but was overruled by the chancellor, who, on final hearing, rendered a decree for the complainant; and his decree is now assigned for error.

TURNER REAVIS, for the appellant, argued that the demurrer to the bill for want of equity should have been sustained, because (among other reasons) the remedy at law was full, adequate, and complete; citing, to this point, the following cases: Jones v. Watkins, 1 Stew. 81; Watts & Garraty v. Hunn, 4 Littell, 267; Herring v. McEldery, 5 Porter, 161; Souza v. Belcher, 3 Edw. Ch. 117.

THOS. H. HERNDON and R. H. SMITH, contra, contended that the bill was not for damages, in the proper sense of that term, but for the recovery of a specific sum which had been wrongfully and fraudulently obtained; and that it was maintainable on the two-fold ground of fraud on the part of the defendant, and ignorance and mistake of fact on the part of the complainant. They cited Perry v. Armistead, 2 Keen, 222; Green v. Barrett, 1 Sim. 45; Troup v. Wood, 4 Johns. Ch. 229; Reigal v. Wood, 1 ib. 402; Willard's Equity, 160; 1 Story's Equity, (4th ed.) § 143 a; Bingham v. Bingham, 1 Vesey, sr., 126; 4 Bibb, 343; Wilkins v. Woodfin, 5 Munf. 183; Littell's Select Cases, 404; 15 Ala. 159; 24 ib. 240; Select Cases by Parsons, 220; 3 Peters, 215; 11 Conn. 112; 1 Paige, 90; 4 Dess. 481; 1 Vesey, jr., 424; 2 Stew. 420.

RICE, J.—The bill shows that the defendant, by falsely and fraudulently pretending that his judgments, at and before the sale of the complainant's land by the sheriff under them, "were unsatisfied liens thereon," deceived the complainant, and obtained from him five hundred dollars in cash, and a

bill of exchange which the defendant passed off, before its maturity, for full value, to a *bona fide* purchaser without notice, who is not a party to this suit; that at the commencement of this suit, neither the judgments nor the sheriff's deed formed a cloud upon the title of the complainant to the land; that the only writing between these parties, which was then outstanding and of force, was the aforesaid bill of exchange, which was still held by said *bona fide* purchaser; that there is no deficiency of legal proof of the facts alleged, no necessity for any discovery from the defendant, and no obstacle to a complete remedy at law; that the only object of this suit is to obtain a decree, by which the defendant will be compelled to restore to the complainant the five hundred dollars, and the amount of the outstanding bill of exchange, which complainant alleges were obtained from him by the false pretences and fraudulent conduct of the defendant; and that, if such relief can be given, it is the only relief which can be decreed in the present suit.

To make such a decree, is, in substance, but to decree that the defendant must make compensation in damages for the loss occasioned by his fraudulent acts and representations. We say nothing against the jurisdiction of a court of equity to decree compensation, or damages, for losses occasioned by fraud, where it is done " only as incidental to other relief sought by the bill and granted by the court; or where there is no adequate remedy at law; or where some peculiar equity intervenes."—2 Story's Eq. Jur., § 794; Woodman v. Freeman, 25 Maine Rep. 531. But a court of equity will not entertain jurisdiction of a suit for damages arising out of a fraud, when these constitute the sole object of the bill, and there is a perfect remedy therefor at law; nor for money paid by mistake, or obtained by false and fraudulent pretences, when the recovery of such money is the sole object of the bill, and the remedy at law therefor is unobstructed and complete.—Knotts v. Tarver, 8 Ala. Rep. 743; Woodman v. Freeman, 25 Maine Rep. 531, and the numerous authorities therein cited; Newham v. May, 13 Price, 749–753; Clifford v. Brooke, 13 Ves. 131; Pascoe v. Pascoe, 2 Cox, 109; Jenkins v. Parkinson, 2 Myl. & Keen, 5; Sainsbury v. Jones, 2 Beavan, 464; 5 Myl. & Cr. 4; Russel v. Clark, 7 Cranch, 69.

If the complainant is entitled, upon the facts stated in his bill, to recover in any court, his remedy at law is complete. Abercrombie v. Knox, 11 Ala. Rep. 997; Br. Bank at Montgomery v. Parrish, 20 *ib.* 433; Brown v. Williams, 4 Wend. R. 360; Wisner v. Bulkley, 15 Wend. R. 322; Handley v. Call, 30 Maine R. 9; Pool v. Allen, 7 Iredell's Law Rep. 121; McQueen v. State Bank, 2 Carter's Rep. 413; Mitchell v. Walker, 8 Iredell's Law Rep. 243; McGoffin v. Muldrow, 12 Missouri R. 512; Baltimore & Susq. R. R. Co. v. Faunce, 6 Gill's Rep. 68; Northrop v. Graves, 19 Conn. Rep. 548; Morgan v. Smith, 7 Ala. Rep. 185; Munroe v. Pritchett, 16 Ala. Rep. 785; Rutherford & McIvor, 21 *ib.* 750.

The bill does not state a case of which a court of equity can entertain jurisdiction; and for this reason the demurrer to it should have been sustained. The decree of the chancellor is reversed, and the bill dismissed, at the costs of the appellee.