## KERN *vs.* BURNHAM.

[BILL IN EQUITY TO SET ASIDE FRAUDULENT SALE MADE BY GUARDIAN TO WARD
DURING MINORITY.]

1. *Laches in seeking rescission of contract fatal to relief.*—A party who seeks the
rescission of a contract, on the ground of fraud, must move within a rea-
sonable time after the discovery of the fraud. What is a reasonable time
must depend on the circumstances of each particular case. Here, a rescis-
sion was refused, because the infant, after attaining his majority, and with
knowledge of the fraud, accepted from his guardian a deed for the land,
remained in possession more than seven years after the sale, and more than
five years after the discovery of the fraud, and showed no excuse for his
delay.

Kern v. Burnham.

APPEAL from the Chancery Court of Macon. Heard before the Hon. JAMES B. CLARK.

BARNES, and WILLIS & WILLIAMS, for the appellant. CLOPTON & LIGON, and GEO. W. GUNN, *contra*.

GOLDTHWAITE, C. J.—The object of the bill is, to set aside a fraudulent sale of land, made by a guardian to his ward, during his minority, and to compel an account.

The chancellor suppressed the depositions of two of the witnesses who were examined on the part of the complainant; and his action in this respect is assigned as error. But it is unnecessary to go into an examination of the question presented by this assignment, for the reason, that we are satisfied that, if the evidence which was excluded had been received, it could not affect the decision of the case upon its merits.—Gould v. Hays, 25 Ala. 426, 431.

Placing the case, therefore, on the position most favorable for the appellant, by regarding the depositions referred to as legal evidence, still we do not think that the case made is a proper one for the interference of equity.

The sale which the complainant seeks to rescind was made in 1843, and he entered into possession, which he retained up to the filing of the bill, the exact time of which is not shown by the record, but the subpoena bears date in February, 1851; so that, in the absence of any other evidence, we may fairly presume it was early in that year. It is shown, also, that, in 1845, after he was of full age, and after he had obtained a knowledge of the fraud which had been practiced upon him, he accepted a deed from the defendant for his separate interest in the lands which were the subject of the sale, which had been divided, and his portion allotted to him. A few days afterwards his guardian had a final settlement of his trust; and we agree with the chancellor, that, from the evidence, we are bound to infer that, on such settlement, he executed a receipt in full. He remains in possession more than seven years after the sale, and more than five years after the discovery of the fraud, and after he became of full age, without moving either by suit or otherwise; and for this long delay, no excuse, or explanation, is given, or attempted. The rule is,

that the party who wishes to rescind, should at least move in a reasonable time after the discovery of the ground on which he expects to avoid the contract; and if he fails to do this, the law presumes he waives the fraud, or other ground of rescission, and affirms the contract.—Johnson v. Johnson, 5 Ala. 90; Pintard v. Martin. 1 S. & M. Ch. 126; Halls v. Thompson, 1 S. & M. 443. What is a reasonable time, must depend upon the circumstances of the particular case; but, as a general rule, whenever a party, with full knowledge of the fraud, elects to treat the contract as a valid and subsisting one, he cannot afterwards, in a court of equity, be allowed to dispute its validity.

Decree affirmed.