## HARRISON *vs.* DERAMUS.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT.]

1. *Waiver of right of rescission or specific performance.*—A court of equity will neither rescind nor specifically execute a contract for the sale of lands, at the suit of the purchaser, when it appears that, after discovering his vendor's want of title to a part of the tract, he accepted a conveyance of the residue, and afterwards re-conveyed a portion of them to his vendor.

2. *Compensation in equity.*—When a purchaser files a bill in equity for the rescission or specific performance of a contract, and fails to establish either branch of his case, his bill cannot be retained, in the absence of some other special equity, for the purpose of decreeing to him compensation on account of a deficiency in the quantity of land conveyed to him.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by James Harrison, against Henry G. Deramus, and alleged the following facts: That on the 29th January, 1852, complainant purchased from defendant, at the price of $4,000, a tract of land in Autauga county, on which were a dwelling-house, a saw-mill, and some other improvements, and which was represented by defendant to contain about eleven hundred acres; that at the time this contract was made, no conveyance of the lands was executed by the defendant, but a written memorandum was signed by him, showing the terms of the sale, which was made an exhibit to the bill, and which was in these words·:

"January 29th, 1852. Articles of agreement made and entered into day and date as above. Henry G. Deramus has this day sold to James Harrison his saw-mill, and all the land embraced in said mill-tract, containing about six hundred and fifty acres ; also, four hundred and sixty acres on the west side of the creek, embracing the lands bought of Lamar and some entered, with the appurtenances attached to said mill—carry-log, log-wagon, &c. ; also, one negro man, Boykin ; all for the sum of $4,000, to be paid ·as follows—$1,000 by draft on Harrison &

Robinson; the balance in equal payments, on one and two years, with security, either E. Harrison or J. K. Whitman.                                 H. G. Deramus."

The bill alleged, that the complainant, when he entered into this contract, was ignorant of the precise location and quantity of the lands, and relied on the defendant's representations in regard thereto; that his principal object in making the purchase, was to obtain the saw-mill and the timbered lands, for the purpose of carrying on the lumber business; that the defendant represented the lands lying on the west side of the creek, which were chiefly valuable on account of the timber, to contain four hundred and sixty acres, when in fact they only contained about two hundred and sixty; that he also pointed out other lands, which were heavily timbered, as belonging to his tract, when in truth he did not own them; that all these representations were fraudulently made, and the complainant was thereby deceived and induced to make the purchase; that complainant took possession of the land under the contract, paid the $1,000 as stipulated, and gave his two notes for the balance of the purchase-money; that a short time afterwards, while complainant was on a visit to the defendant's house at night, the latter delivered to him a deed for the lands, in which they were described according to the government surveys, and which he received and carried home with him without examination; that on examining the deed the next morning, he discovered that there was a deficiency of about two hundred acres in the quantity conveyed, and immediately sent the deed back to the defendant; that defendant refused to take back the deed, but promised to make a satisfactory arrangement in regard to the deficiency of the land; that complainant was thereby induced to retain the possession of the land, and afterwards resold and conveyed to the defendant about three hundred and twenty acres of the mill-tract, including the dwelling-house and most of the cleared lands; that the defendant afterwards refused to make any arrangement whatever on account of the deficiency in the quantity of land, but brought suit on the notes for the purchase-money, and recovered judg-

ments thereon; and that the amount due on these judgments was not more than the amount which was due to the complainant on account of the deficiency in the quantity and quality of the land conveyed to him.

The bill prayed, 1st, an injunction of the judgments at law; 2d, a rescission of the contract on account of the alleged fraud, and an account "with a view to place both parties *in statu quo*;" 3d, (in the event a rescission could not be granted,) that the defendant might be compelled to account for the deficiency in the quantity of lands; and, 6th, for other and further relief consistent with equity and good conscience.

The defendant answered the bill; denying the charges of fraud and misrepresentation on his part; and alleging that the exhibit to the bill, if it was a true copy of the writing which he signed at the time the contract was made, and which was written by the complainant, was incorrectly read to him at the time, as embracing only the number of acres which he had contracted to sell to the complainant.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.—1. The bill seeks to have deducted from the unpaid purchase-money damages, or compensation, for the deficiency in the quantity of lands sold; and, in addition thereto, seeks relief on account of the fraud which is averred and proved against the defendant, in representing that the two tracts contained more lands than in fact they do, and in misrepresenting the boundaries. It is evident from the facts of the case that these misrepresentations must have been intentionally made, and they constitute an independent ground for equitable relief.—Kennedy v. Kennedy, 2 Ala. 572.

2. The complainant's conduct, in selling back a part of the land to the defendant, is not a waiver of the fraud. Huckabee v. Albritton, 10 Ala. 657.

3. The bill may well be maintained for the single pur-

pose of recovering compensation for the deficiency in the quantity of the land.—Woodcock v. Bennett, 7 Cowen, 711; Pratt v. Law, 9 Cranch, 492; Pharr v. Russell, 7 Iredell's Equity Rep. 222; Thrasher & Mitchell v. Pinckard's Heirs, 23 Ala. Rep. 616; Springle v. Shields, 17 Ala. 295.

GOLDTHWAITE & SEMPLE, *contra.*—1. If any ground of rescission originally existed, it was waived by the complainant's acceptance of the deed, with full notice of the deficiency in the quantity of lands conveyed by it, and his subsequent re-sale to the defendant of a part of the same lands; which conduct on his part is totally unexplained by the evidence..

2. The sole object of the bill, then, so far as it is sustained by the evidence, is to obtain compensation out of the unpaid purchase-money; and in this aspect it is without equity, since the remedy at law is plain and adequate, and no special equity is shown.—Sims v. McEwen, 27 Ala. 184; Hatch v. Cobb, 4 Johns. Ch. 560; Kempshall v. Stone, 5 Johns. Ch. R. 195; Todd v. Gee, 17 Vesey, 279; Greenaway v. Adams, 12 Vesey, 395; 1 Sch. & Lef. 22; Jenkins v. Parkinson, 1 Cooper's S. C. 179; Story's Equity, § 798.

RICE, C. J.—It may be admitted, that "exhibit A" to the bill shows what the contract originally was between the parties, and that if the complainant had not afterwards accepted the conveyance, bearing date February 5, 1852, and treated it as a valid conveyance, after notice of the deficiency in the quantity of the lands, he would have been entitled to redress *in a court of chancery.*—Springle v. Shields, 17 Ala. Rep. 295; Thrasher v. Pinckard, 23 Ala. R. 616; Hill v. Buckley, 17 Vesey, 393; Couse v. Boyles, *infra.*

It may be further admitted, that if the complainant had proved the allegations of his bill, as to the circumstances which induced him to accept the conveyance, and to treat it as a valid conveyance, he would, under the other allegations of his bill, and the proof in the cause, be still

Harrison v. Deramus.

entitled to redress *in a court of chancery.*—Pharr v. Russell, 7 Iredell's Eq. Rep. 222; Bailey v. Snyder, 13 Serg. & Rawle, 160; Huckabee v. Albritton, 10 Ala. 657.

But he has failed to prove the matters which he alleged, in explanation of the established fact, that he did accept the conveyance, and treat it as a valid conveyance, after notice of the deficiency in the quantity of the lands. That fact being established as one of the facts of the case, and being unexplained by evidence, the question is, whether, upon the case as now presented, the complainant is entitled to any relief in a court of chancery.

It is too clear for argument, that he is not entitled to a rescission of the contract, upon the facts as presented by the record. His right to rescind has been lost by the line of conduct he has elected to pursue, after he obtained notice of the difference in quantity between the lands as represented in the original contract, and as represented in the conveyance.—Kern v. Burnham, 28 Ala. Rep. 428; Askew v. Hooper, 28 Ala. 634.

Nor is he entitled to a specific performance of the contract originally made; because he has subsequently accepted a conveyance for all the lands mentioned in the original contract, *to which the respondent ever had any title,* and he has treated that conveyance as a valid one, after he had notice that it conveyed to him a less quantity than was mentioned in the original contract. He has, after such notice, even sold and *conveyed back to the respondent* a considerable portion of the very lands embraced in the original contract, and in the conveyance of respondent to him. A court of chancery will not do the vain thing of decreeing that the respondent shall convey to the complainant the very lands which it appears he had, before the filing of the bill, conveyed to complainant, by a deed which complainant had treated as valid, after notice that it did not embrace all the lands in the original contract: nor will the court of chancery decree that the respondent shall convey the lands not embraced in the conveyance of respondent to complainant, because, although they are embraced in the original contract, it appears that the respondent never had any title to them; and that court will never

decree that a vendor shall convey lands, to which it appears he never had any title.—Fitzpatrick v. Featherstone, 3 Ala. Rep. 40.

[2.] The case, as presented by the evidence, is then reduced to a mere case by the vendee for the recovery of damages, by way of compensation, for the deficiency in the quantity of lands; and must be treated as a suit by him, *the sole object* of which is to recover such damages or compensation, and in which it is impossible to decree to him such damages or compensation "as incidental to other relief sought by the bill and granted by the court." No special equity appears. The vendor is a resident of the State, and not pretended to be insolvent. No discovery is sought, but, on the contrary, an answer from him under oath is expressly waived in the bill. No excuse is *proved* for the conduct of the vendee in accepting the deed, *which on its face disclosed the deficiency in quantity*, and in treating it as valid after he knew of the deficiency. No obstacle to a complete remedy at law is alleged; and the remedy at law (if one exists in any forum) is plain, adequate, and complete. The authorities compel us to hold, that in such a case, the vendee cannot recover damages or compensation in a court of chancery.—Morgan v. Patrick, 7 Ala. 185; Minge v. Smith, 4 Ala. 415; Pritchett v. Munroe, 16 Ala. 785; Gibson v. Marquis, 29 Ala. 660; Knotts v. Tarver, 8 Ala. Rep. 743; Russell v. Little, 28 Ala. 160; Sims v. McEwen, 27 Ala. 184; Couse v. Boyles, 3 Green's Ch. R. 212; Meek v. Bearden, 5 Yerger, 467; Frederic v. Campbell, 13 Serg. & R. 136.

Decree affirmed, at the costs of appellant.

STONE, J., not sitting.