## CHARTIER v. MARSHALL.

Equity will not decree the specific performance of a contract to convey real estate, when it is proved that the vendor has no title to the estate in question.

When the plaintiff's bill is dismissed for that cause, no costs will be allowed against the plaintiff.

THIS is a bill for the specific performance of a contract to convey real estate in Nashua. The facts appear in the opinion.

*G. Y. Sawyer & Sawyer, Jr.,* for the plaintiff.

*Barrett & Atherton,* for the defendant.

SARGENT, J. The plaintiff brings his bill for the specific performance of a contract in writing made by the defendant, in which he

engaged to convey to the plaintiff certain real estate in Nashua, upon the plaintiff paying him a certain amount of money in annual instalments. The bill alleges a performance on the part of the plaintiff according to the contract, and a failure to perform on the part of the defendant.

The defendant, in his answer, denies that the plaintiff has made his payments according to contract, and that therefore he is not bound to convey. The cause was sent to a master, who has reported the facts in the case, from which it appears that the plaintiff has done everything that he reasonably could do, and everything that equity and good conscience required him to do, and that if there has been any failure to perform the contract on the part of the plaintiff, such failure has been caused by the conduct of the defendant. The defendant cannot, therefore, stand upon the ground taken in his answer. But the master also reports that he finds that the defendant has no title to the premises specified in the contract, which fact the master finds was not known to the defendant until the hearing before the master.

The plaintiff claims that the defendant must deed to him as he has agreed; and the defendant claims that, having no title, he can convey nothing to the plaintiff, and that he is not bound to give a deed which would be inoperative and void, and which could only lay the foundation for a suit for breach of warranty.

The authorities on this point seem to be uniform, that a specific performance of a contract for the conveyance of land will not be decreed when the vendor has no title, as that would decree the performance of an unlawful act. *Fitzpatrick* v. *Featherstone*, 3 Ala. 40 ; Adams's Equity *80, *81, and cases cited; 1 Story Eq. Juris., secs. 749, 751, where it said " courts of equity will decree a specific performance where the contract is in writing, and is certain, and is fair in all its parts, and is for an adequate consideration, *and is capable of being performed,* but not otherwise." *Cathcart* v. *Robinson,* 5 Peters 264.

The defendant, then, is not compelled to give a deed of land he does not own ; and that is the only question now submitted to us. The parties are not now ready to have any question of damages, for the failure to perform his contract on the part of the defendant, considered. When any further questions are raised we will consider them.

We think, however, that the defendant, though he may succeed on that ground, should equitably recover no costs against the plaintiff. It is said in Adams's Equity *80, that " if the defendant cannot fulfil the contract which he has made, it may be a ground for exempting the plaintiff from costs upon the dismissal of his bill, but it cannot authorize the court to decree an impossibility," such, for example, as where the vendor of property has no estate.

The result then is, that, so far as this bill seeks a specific performance of the contract to convey this land, it must be

*Dismissed without costs.*