# Street *v.* Nelson *et al.*

## *Trover.*

1. *Personal property ; when ownership of, proved by oral testimony.*—The ownership of personal property may be proved by oral testimony, unless the question of the transfer of the title arises between the parties to the conveyance, and is the direct issue in the cause, then the highest and best evidence must be produced, or its absence accounted for.

2. *Secondary evidence of written contract ; admissible when contract incidental in suit.*—When the sole purpose of secondary evidence of the contents of a written contract is to explain the contract on which the suit is based, and show the inducement to its execution, the rule requiring the highest and best evidence does not apply, but when a written contract defines and determines the relative rights of the parties between themselves, and is a main issue in the cause, it is error not to require its production as the best evidence of its terms.

3. *Trover ; damages in, how assessed.*—In assessing damages in trover, the jury may fix the value of the property converted as proven at any time between the conversion and the trial, but they are not bound to adopt the highest value proved.

APPEAL from Talladega Circuit Court.
Tried before Hon. W. L. WHITLOCK.

On January 25, 1876, E. B. Nelson brought this action against Andrew J. Street, claiming ten thousand dollars as damages for the conversion by the latter of certain mules, wagons, etc., and also 4,000 cords of wood and 50,000 bushels of coal. On the trial, by leave of the court, and against defendant's objection, the complaint was amended by adding the name of S. C. Kelly as one of the plaintiffs, and by striking out all the property described in the complaint except the wood and the coal. Said Kelly testified that about the 25th of October, 1876, said Street took some 2,012 cords of wood, which was near Munford, in Talladega county, and did

not return any part of it to witness ; that S. C. Kelly & Co.,
a firm composed of witness, E. B. Nelson, and Z. H. Claridy,
had a written contract with the Alabama Iron Co., the sub-
stance of which was that Kelly & Co. should furnish to said
Alabama Iron Co. 500,000 bushels of coal, and which regu-
lated the time and manner of its delivery, and the price to be
paid for it. This contract was afterwards modified so as to
change the amount of coal to be delivered to 300,000 bushels,
and the time of its delivery was also changed. Plaintiff of-
fered to read a copy of this contract to the jury, but the de-
fendant objected. The court overruled the objection, and
defendant excepted. The firm of Kelly & Co. was dissolved,
and Z. H. Claridy was released from the contract to supply
coal, as to Kelly and Nelson, but was not released by the
Alabama Iron Co. The wood in controversy was cut on what
was known as the McKibbin, Irvin and Bruce tracts. The
witness bought the timber on the latter place from Bruce,
and gave a note for the purchase-money. Plaintiffs offered
this note as evidence of a purchase of the timber, but the de-
fendant objected to its introduction, on the ground that the
contract in writing for such purpose was the highest and best
evidence. The court overruled the objection, and defendant
excepted. The wood and coal in controversy was cut by
Robbs Bros., under a contract made between witness and
Robbs Bros. Witness, Kelly, thought that this contract did
not mention Claridy, and that he was not a party to it. Robbs
Bros. had charge of the wood and the coal at the time of the
conversion, but they held it under the contract, which was in
writing, and in witness' possession. The defendant then
asked the court to exclude from the jury all statements as to
the ownership of the wood and coal at the time of the con-
version, on the ground that the contract, under which Robbs
Bros. held it, was higher and better evidence than the declar-
ation of the witness, and because the contents of a written
instrument could not be proved by parol, when it could be
produced and read in evidence. The court denied the mo-
tion, and defendant excepted. Witness testified that he had
never paid Robbs Bros. for cutting the timber ; that he saw
Street hauling the coal away, and went to see him, and de-
manded that he should give it up, which Street refused to do,
saying that he had bought it from Robbs Bros. Witness
testified that Robbs Bros. contracted to work out and com-
plete the contract made by S. C. Kelly & Co. with the Ala-
bama Iron Co. Defendant moved to exclude this evidence
from the jury, on the ground that the written contract was
the best evidence. The court denied the motion, and the de-
fendant excepted. E. B. Nelson testified that he and Kelly

were the owners of the wood and coal at the time Street took possession of it, and that Robbs Bros. owed him $4,761. Defendant introduced the depositions of J. W. and E. W. Robbs, of Robbs Bros., who testified that they sold the property in controversy to A. J. Street, representing to him that it was free from incumbrance. The court, at the request of the plaintiffs, charged the jury, in writing, that " if they find for the plaintiffs, in assessing damages, they should estimate the wood and coal at the highest market value, the same possessed, as shown by the evidence, at any time between the conversion and this date, with interest on such value to this time." The charges numbered three and five (referred to in the opinion of the court) relate to the written contracts, and the effect of the stipulations contained in them, on the rights of the parties, and need not be stated. There was a verdict and judgment for the plaintiffs. The errors assigned, among others not necessary to be noticed, are the rulings on the evidence, and the charge given, at the request of the plaintiff.

BOWDON & KNOX, for appellant.—The rule of law requiring the highest and best evidence is of such antiquity, and its propriety so apparent, that it is unnecessary to discuss its authenticity, or the purpose of its creation.—*Morton v. State,* 30 Ala. 527 ; *Mordecai v. Beale,* 8 Port. 529.

The plaintiffs, to support this action, were required to show " property in themselves, and a right to immediate possession at the time of the alleged conversion."—*Kemp v. Thompson,* 17 Ala. 9 ; *Glaze v. McMillion,* 7 Port. 279. The contract, a copy of which was admitted in evidence, between the Alabama Iron Co. and S. C. Kelly & Co. was inadmissible for this purpose, or to prove any other fact, essential to entitle the plaintiffs to a recovery. The court should have compelled the production of the contract of Robbs Bros. with Kelly & Co., by which the former acquired possession of the timber which was used in making the coal. It was the highest and best evidence of the contract, and was essential to show what title Robbs Bros. acquired.

JOHN T. HEFLIN, for appellees.—The copy of the contract between Kelly & Co. and the Alabama Iron Co. was admissible in evidence. The original was not sued on, and was only incidental to the issues in the cause ; but the contract shed light on the relation between Kelly & Co. and Robbs Bros., under whom defendant claimed, and explains the custody by Robbs Bros. of the property sued for.—1 Greenl. Ev. § 51,

[Street v. Nelson et al.]

*P. & M. Bank v. Borland*, 5 Ala. 543 ; *Snodgrass v. Br. Bank*, 25 Ala. 174.

STONE, J.—It was of prime importance in this case to prove a joint ownership in plaintiffs of the property charged. to have been converted by defendant. Ownership of personal property, as a rule, can be proved as a fact by oral testimony, without producing the documentary evidence which creates the title, unless the question of such transfer of title arises between the alleged parties to the conveyance. When that is the case, and the question of transfer *vel non* is the direct issue in the cause, then the highest and best evidence must be produced, or its absence accounted for.—*Graham v. Lockhart*, 8 Ala. 9 ; *Dixon v. Barclay*, 22 Ala. 370 ; *Snodgrass v. Br. Bank*, 25 Ala. 161 ; 1 Brick. Dig. 856, § 752 ; *May v. May*, 1 Port. 229 ; *Peck v. Dinsmore*, 4 Por. 212 ; *Cloud v. Patterson*, 1 Stew. 394.

It was deemed necessary by appellees, and probably was, to prove that Kelly and Co. were under a contract with the Alabama Iron Co. to deliver to it 300,000 bushels of charcoal. That contract, it seems, had been modified, so as to leave the burden of its performance on Kelly & Nelson, two of the members of the firm of Kelly & Co. As the case appears in this record, it would seem that this burden on Kelly & Nelson was, to some extent, inducement to the contract with Robbs Bros., and tends to explain why Kelly & Nelson contracted with them to manufacture and deliver coal to the Alabama Iron Co. If this be the sole purpose of such evidence, it was only incidental to the matters in issue in this cause, and the rule requiring the highest and best evidence does not apply. We are not informed what the terms and details of the contract were, by which Robbs Bros. bound themselves to burn and deliver coal. If that contract, adopted in whole or in part, or referred to the contract Kelly & Co. had made with the iron company, so as to render the provision of the latter at all material in interpreting the former, then a different rule would prevail, and the original ought to have been produced, or its absence accounted for.

The contract between Kelly, or Kelly & Co. and Robbs Bros., presents a different question. That defines and determines the relative rights of the parties as between themselves, and was a main issue, if not the main issue in this cause. The Circuit Court erred in not requiring the production of that contract in evidence, as the best exponent of its terms, and of the relative rights of the parties to this suit. In the sixth charge, given at the instance of plaintiffs, the court also erred. The jury were at liberty, in assessing dam-

[Bolling v. Jones.]

ages in trover, to fix the value as proved at any time between the conversion and the trial, but they are not bound to adopt the highest. See *Loeb & Bro. v. Flash Bros.*, at the present term.

Charges three and five given, raise a question which the present record does not enable us to answer satisfactorily. As we have said, the terms of the contract between Kelly & Co. and Robbs Bros. are not shown. Neither are we properly informed whether Robbs Bros. have been paid for the work they performed in converting the standing timber into coal, or what was the character of their possession. Whether they had a lien for the work they had performed, which would deny to plaintiffs the right to sue without payment or tender of their wages, if wages it be ; and whether plaintiffs should not have tendered to Street, as succeeding to Robbs Bros.' claim and right, before bringing their suit, are questions which the written contract will shed light on, probably. We simply state these questions for the purpose of saying they are not decided ; and the testimony may show them to be wholly immaterial. See 1 Addison on Torts, 537 *et seq.*; Cooley on Torts, 55-6.

Reversed and remanded.