(76 South. 94)

DRENNEN v. COOPER et al. (6 Div. 377.)

(Supreme Court of Alabama. May 10, 1917.)

1. BANKS AND BANKING &#8709;39—SUBSCRIPTION TO STOCK—RESCISSION—PLEADING.

A bill against a banking corporation and some of its stockholders to rescind a purchase of stock for fraud is demurrable, where it shows that neither the corporation nor one who made fraudulent representations received the benefit of the sale, and that those who received it did not make representations, and does not clearly allege whether the one who made fraudulent representations was agent of those who received the consideration, of the bank, of the purchaser, or was acting for himself.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 44-48.]

2. BANKS AND BANKING &#8709;39—PLEADING &#8709;8(15) — CONCLUSIONS — FRAUD — PURCHASE OF CORPORATE STOCK.

Averments of a bill against a corporation and some of its stockholders to rescind a purchase of stock in defendant corporation for fraud must be clear, definite, and certain, and state facts to show fraud, and not mere conclusions.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 44-48; Pleading, Cent. Dig. § 28½.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Action by F. M. Drennen against Joseph D. Cooper and others. From judgment for defendants, plaintiff appeals. Affirmed:

Gaston & Drennen, of Birmingham, for appellant. Wm. M. Spencer, Jr., and Roy M. Sterne, both of Birmingham, for appellees.

MAYFIELD, J. Appellant filed his bill against appellees to rescind a purchase of stock by him in appellee banking corporation. A demurrer was sustained to his original and amended bills, and from the decree on demurrer appellant prosecutes this appeal.

The authorities on the subject of the right of a subscriber to the capital stock of a corporation to rescind the contract of purchase and recover back his stock have at this term of the court been reviewed, and some of the rules of law governing such contracts announced. See Stone v. Walker, Supt., etc., et al. (Jefferson County Bank) 77 South. 554. While the purpose and ends of the bill in the instant case are the same as those in the Walker Case, supra, the facts as averred in the two bills are entirely different. The bill in this case is lacking in many material averments contained in the other, and contains many not embraced in the other.

[1] The bill in this case, as last amended, contains several defects which were pointed out by demurrer, and which justified the trial court in sustaining the demurrer. Its most serious defect is that it is filed against three or four different parties, and does not sufficiently allege the relation which each bears to the others to justify a rescission and the placing of the parties in statu quo. The wrongs alleged are ascribed solely to Enslen, alleged to be the president of the corporation or bank; but what relation he occupied toward the others, corespondents, is not clearly disclosed. While it is alleged that Enslen negotiated the sale of the stock to complainant, and made the false representations as to its value which induced complainant to purchase it, the bill fails to sufficiently show whether he was acting for himself, for the bank, or for the owners of the stock. The bill is uncertain in its allegations as to who owned the stock purchased—whether the Coopers or Harsh owned it, and whether jointly or severally. It is true that an excuse is alleged for this uncertainty of allegation of ownership of the stock when it was sold to complainant. While the bill alleges that Harsh received the consideration paid by complainant for the stock, and that he and others indorsed or transferred the stock, it fails to allege any contract or agreement between the Coopers, or Harsh, and the complainant, as to the sale of the stock, or whether they sold it to Enslen, or to the bank, and Enslen to the complainant, or whether Enslen was acting as the agent of Harsh, or of the Coopers, one or all, or of the bank. In fact, it fails to certainly allege that Enslen, who made the false representations, was acting as the agent of the vendors, or of the purchaser, or for himself, or for the bank. It is unnecessary to say that, in order for the owners of the stock to be bound by the fraud of Enslen, he must have been their agent, and they must have had, or been

chargeable with, knowledge of the fraud or false representations in the sale of the stock.

[2] The bill is fatally lacking in these material allegations. While it may not be wholly lacking in these averments, they are entirely too indefinite and uncertain to warrant the only relief sought—that is, the rescission of the contract on account of fraud. Averments of such bills, as to fraud, must be clear, definite, and certain—must state the facts to show the fraud, and not mere conclusions. While the bill does sufficiently allege fraud on the part of Enslen, if he were the owner of the stock, or if the bank were the owner, and he acted for it in the sale thereof, and the bank had received the benefit of the sale, yet it fails to sufficiently show these facts, but shows that neither the bank nor Enslen received the benefit of the sale. And while it shows that the consideration of the sale (the price of the stock) was deposited to the credit of Harsh, it fails to sufficiently allege that Harsh was responsible for the false representations of Enslen, inducing the complainant to purchase the stock.

The bill is therefore fatally defective in its present condition, and there was no error in sustaining the demurrer thereto.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.