(90 South. 787)

**COOPER et al. v. DRENNEN.  (6 Div. 234.)**

(Supreme Court of Alabama.  Oct. 27, 1921.)

**1. Cancellation of instruments ⬦==14—Remedy at law for money paid on oral contract to purchase corporate stock is adequate.**

The remedy at law of a purchaser of corporate stock by an oral contract of purchase for recovery of the money paid is adequate, so that equity will not take jurisdiction merely for the purpose of declaring a rescission.

**2. Equity ⬦==231—General demurrer comprehends objection remedy at law was adequate.**

A general demurrer to a bill for want of equity comprehended the objection that there was a plain and adequate remedy at law.

**3. Appeal and error ⬦==1096(3)—Implied holding on question not presented is not conclusive on subsequent appeal.**

Where on the former appeal the question whether there was equity in the bill was not presented, and there was no ruling thereon, an implied recognition of equity in the bill, if any, was not binding on the court on the subsequent appeal.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Felix M. Drennen against Joseph D. Cooper and others for the rescission of parol contract to purchase stock. From a decree overruling the demurrers and transferring the cause to the law docket of the circuit court, respondents appeal. Affirmed.

William M. Spencer, Jr., and Harsh, Harsh & Harsh, all of Birmingham, for appellants.

The demurrers should have been sustained. 200 Ala. 328, 76 South. 94. Counsel discuss the other assignments of error, but without further citation of authority.

J. L. Drennen, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J.  The bill of complaint in this cause prays for rescission of a parol purchase of corporate stock previously issued, on account of deceit in procuring the purchase, and the recovery of the purchase money paid for the stock.

[1] On the face of the bill, complainant's remedy at law is plain and adequate, and there is no need for the intervention of a court of equity, since there is no writing to be canceled or delivered up, no discovery sought, and an action at law may be prosecuted without delay against defendants who are not insolvent.

"Courts of equity do not take jurisdiction merely for the purpose of declaring a rescission, but only for the purpose of administering some form of equitable relief or protection not available in other forums, or where, by reason of the insolvency of the offending party, a judgment at law might fail to compensate the injured party, or to place him in statu quo." Hafer v. Cole, 176 Ala. 242, 249, 57 South. 757, 760.

This principle has been often applied in denial of equitable jurisdiction in cases like this. Knotts v. Tarver, 8 Ala. 743; Russell v. Little, 28 Ala. 160; King v. Livingston Mfg. Co., 180 Ala. 118, 60 South. 143.

The bill being without equity, the general demurrer for want of equity was properly sustained; and the trial court was thereupon authorized by the act of September 28, 1915 (Gen. Acts 1915, p. 831), to make the order directing that the cause be transferred to the law side of the court, where it should have been originally brought. Appellants' objections to the order are not tenable.

[2] 1. The general demurrer for want of equity comprehended the objection that there was a plain and adequate remedy at law, and therefore it cannot be said that the question was not before the court, nor that its ruling was outside of the pleadings.

[3] 2. On the former appeal (Drennen v. Cooper, 200 Ala. 328, 76 South. 94) there was no ruling by this court that the bill contained equity. There was in fact no discussion of that question, and, so far as appears, it was not brought to the attention of the court. If there was any implied recognition of the equity of the bill, as asserted by counsel for appellants, such an implication cannot bind this court on the present appeal.

The decree and order of the trial court were without error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.