## KNOTTS v. TARVER.

1. It is not sufficient to give a Court of Chancery jurisdiction, that an account exists between the parties, or that a fraud has been practised. There must be a discovery wanted to disclose the fraud, or in aid of the account, or the accounts must be so complicated, as to require the aid of a Court of Chancery to adjust them.

Error to the Chancery Court of Russell.

THE bill was filed by the plaintiff in error, and charges in substance, that the defendant as his agent, undertook to purchase for him from one John Freeman, a tract of land which is described. That it was supposed the land could be purchased for $1,100, and to enable the agent to make it, he executed two notes paya-

ble to Freeman, for $550 each, and delivered them to him. That he proceeded to make the purchase, and did purchase the land from Freeman for $1,100, giving him the two notes of complainant, and taking a bond for title from Freeman to complainant. That on his return, he represented to complainant, that he was compelled to pay Freeman $1,500 for the land, before he could obtain it, and that in addition to the two notes for $1,100, he had paid Freeman $400 of his own money. That complainant, supposing his representations to be true, paid him $330 in cash, and executed his note to him for $70, all of which except five dollars he has paid. The bill charges fraud, prays a discovery, and for a decree for the money thus fraudulently obtained by the agent.

Tarver denies the material allegations of the bill, but they are fully sustained by the evidence.

The chancellor, at the hearing, dismissed the bill for want of equity ; from which this writ is prosecuted.

McLESTER, for plaintiff in error.—The complainant is entitled to recover the money fraudulently obtained by the agent, as so much money paid for his own property. [1 Sug. on Vend. 307 ; 1 Vesey, sr. 126 ; 2 Id. 304 ; 4 Bibb, 343.]

The Court having jurisdiction for discovery, will retain it for relief. [1 Story's Eq. 87 ; 10 Johns. Rep. 587 ; 7 Cranch, 69.] The jurisdiction of the Court is sustainable on the ground of fraud, [1 Story's Eq. 85,] and also because an account was necessary to ascertain the amount due on the note unpaid.

PECK, contra, insisted that the party had a full and adequate remedy at law.

ORMOND, J.—If this bill can be sustained, it must be on the ground of fraud, or that there is an account to be settled between the parties. These acknowledged heads of equity, are not of themselves sufficient to confer jurisdiction on a court of chancery. No matter how gross the fraud may be, if the party can have full, complete and adequate redress at law, he cannot go into a court of equity. This is a well established principle, and the contrary doctrine would fill the courts of chancery with suits, which could be better, and more cheaply adjudicated in the courts of law. The principle was recognized by this Court, in Sadler v. Robin-

son, 2 Stewart, 5, 22.   The Court say, "no reason is suggested by the bill, why the appellee's cannot have justice administered to them at law ; no discovery is asked for, as essential to enable them to prosecute their rights, no deficiency of strict legal proof is complained of.   On what ground, then, the appellees ask the interposition of equity, we are unable to comprehend.   It cannot be, because they charge their vendor with fraud, for every circumstance alledged as fraudulent, could it avail them, is fully examinable at law."

We have quoted this passage, because it is precisely apposite to this case.   Here, no discovery is sought from the defendant, to enable the complainant to establish his case, and no obstacle shown to a full and complete remedy at law.

Nor is there any reason for sustaining the jurisdiction on the score of an account.   There is in truth no matter of account between these parties, and if there was, that circumstance alone would not confer the jurisdiction.   There must be a discovery wanted in aid of the account, or to disclose the fraud, or the matters involved in it must be so complicated as to require the aid of a court of chancery to adjust them, otherwise there is a complete remedy at law.   (See this question fully examined in Vanlier v. Kirkman, 7 Ala. 217.)

The note which was executed by the complainant to the agent, upon his false representation, is void, and no obstacle exists to a full defence at law.   Although the bill discloses a gross, and most offensive fraud, we are constrained to refuse relief, when sought in this mode.   The decree of the chancellor dismissing the bill, must therefore be affirmed.