# Wailes *v.* Neal.

*Action on Promissory Note, by Payee against Maker.*

1. *Acts and declarations of agent; when admissible against principal.*—The acts or declarations of a person who assumes to act as the agent of another, are not admissible evidence against his supposed principal, without some independent proof of his authority or agency.

2. *Payment to agent.*—An agent, having only a general authority to collect a debt, can not accept choses in action, or any thing else than money, in payment.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by William E. Wailes, against Joseph G. Neal; and was founded on the defendant's promissory note for $203.98, dated July 11th, 1878, and payable on the 1st day of December, 1878, to the plaintiff or order. The defendant pleaded the general issue, and payment; and issue seems to have been joined on both of these pleas. On the trial, as appears from the bill of exceptions, the plaintiff having read in evidence the note on which the suit was founded, the defendant offered in evidence, under his plea of payment, a receipt, dated "Matthews' Station, February 13th, 1879," and signed " W. E. Wailes, by J. D. Moseley, ag't," in these words: " Received of J. G. Neal the mortgages and notes below-named, payable in full of note given by J. G. Neal to W. E. Wailes, for $203.98, given in Selma, July 11th, 1878;" describing by names and amounts the several notes and claims so received. In reference to this receipt, and the circumstances under which it was given, the defendant thus testified, as a witness for himself: "In February, 1879, J. D. Moseley came to defendant's residence, near Matthews' Station, in Montgomery county, having a writ of attachment sued out by plaintiff against defendant, on the debt described in the complaint, and seeking, as deputy-sheriff, to levy the attachment on property of the defendant; but defendant told him he had no property, on which the attachment could be levied, and no levy was made. Moseley then asked defendant, if he did not have some notes or claims which he could turn over to plaintiff in settlement of the debt; and defendant replied, that he had some which he was willing to transfer to plaintiff in payment of the debt, but not otherwise. Defendant then produced the notes and claims described in the

receipt, and told Moseley that he believed them to be good, and that Mr. Jesse Brown, who resided near the parties in Perry county, would assist plaintiff in collecting them. Moseley said, that he had authority to take these notes and claims in settlement of the debt due from defendant to plaintiff, and agreed to take them in full settlement and payment; and defendant thereupon transferred to plaintiff, by indorsement in writing, each one of the notes and claims mentioned in the receipt, and delivered them to Moseley, who thereupon executed said receipt, and delivered it to defendant." Moseley was also examined as a witness; but the record does not state whether he was introduced by the plaintiff, or by the defendant. Having testified that he was employed by the plaintiff to levy the attachment, and that he found no property on which to levy, he thus continued: "Defendant told him he had no property which was subject to levy, but had some notes and claims which he was willing to transfer to plaintiff in payment of his debt; that the notes and claims were all good, and that Jesse Brown would accept them all, payable in the fall. Witness knew Brown to be a very responsible man, and, on this statement by defendant, agreed to take the notes and claims in payment of the debt to plaintiff; but he told defendant, at the time, that the notes and claims would be returned to him, if Brown did not agree to accept them; and to prevent any misunderstanding, in the event Brown refused to accept them, he required the defendant to specify each claim in the receipt, as it now appears; the receipt, except the signature, being in the handwriting of the defendant. Thereupon, defendant transferred the notes and claims to plaintiff, and delivered them to witness, who signed the receipt, and delivered it to defendant." Brown having refused, when the notes and claims were shown to him, on the return of Moseley to Selma, either to accept them, or to become in any way responsible for them, the plaintiff and Moseley at once inclosed them in an envelop, and sent them, through the post-office, directed to the defendant at Matthews' Station; and it was shown that the package was lying in the post-office at that place, but the defendant refused to take it out. Moseley further testified, "that plaintiff gave him no authority whatever to accept notes, claims, or any thing else, in payment of said debt, but he supposed, when he gave the receipt, that he had authority to give it, and to take the notes and claims in payment, and that the settlement would be satisfactory to plaintiff, if Brown would accept the notes, payable in the fall; that he did not have the note in his possession when he gave the receipt, nor at any other time; that he was never employed by plaintiff in any other

[Walker v. Carroll.]

business whatever, except this about which he was testifying, but his business was that of collecting agent." "The foregoing was, in substance, all the evidence in the case; and thereupon, against the objection of the plaintiff, the court permitted the said receipt to be read in evidence." This ruling of the court, to which the plaintiff reserved an exception, is the only matter now assigned as error.

TROY & TOMPKINS, for the appellant.

P. LOCKETT, contra.

BRICKELL, C. J.—The error in the rulings of the court below is manifest. Before the acts or declarations of one claiming to act in right of, and by the authority of another, can be received to affect the person represented, there must be independent proof of the authority. Without such proof, the court was in error, in permitting the receipt to be read in evidence.—2 Wharton's Ev. § 1183; *Scarborough v. Reynolds*, 12 Ala. 252. If, as was subsequently disclosed, the agent had only mere general authority to collect the debt due from the defendant to the plaintiff, it was not within the scope of his powers to accept choses in action, or any thing else than money, in payment.—*West v. Ball*, 12 Ala. 341; *Chapman v. Cowles*, 41 Ala. 103.

The judgment is reversed, and the cause remanded.