# Cobb *v.* Malone & Collins.

*Action for Damages for Conversion of Crop, by Mortgagee against Purchaser with Notice.*

1. *Authority of agent.*—A clerk, with whom a blank mortgage is left, to be filled up and executed to his principal as mortgagee, has no authority, by virtue of his said employment and agency, to write a letter in his name, directing the dismissal of a suit pending in the name of his principal, because the mortgage was to be accepted, as alleged, in satisfaction and settlement of the claim sued on.

2. *Accord and satisfaction.*—A mortgage, given and accepted in satisfaction and settlement of a claim on which an action is pending against another person, who is liable as a tortfeasor equally with the mortgagor, constitutes an accord and satisfaction; but, if the acceptance of the mortgage is conditional on an executory agreement which is not complied with, it has no such effect.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by A. A. Cobb, against Malone & Collins as partners, to recover damages for an alleged conversion by the defendants of a bale of cotton, on which plaintiff claimed a statutory lien for advances; and was commenced before a justice of the peace, on the 17th October, 1887. The justice rendered judgment in favor of the defendants, and the plaintiff took an appeal to the Circuit Court. On the trial, as the bill of exceptions shows, the plaintiff read in evidence the mortgage under which he claimed the bale of cotton; which mortgage was executed by

one C. D. Crutchfield, was in the statutory form for advances to make a crop, and was properly acknowledged and recorded; and he proved that the bale of cotton in controversy was part of the crop raised by said Crutchfield, was sold by said Crutchfield to the defendants, and was afterwards sold by them. The defendants offered in evidence another mortgage executed by said Crutchfield to plaintiff, which was dated the 23d September, 1887, conveyed a wagon and yoke of oxen, "and recited a consideration of $75, due October 1st thereafter." In reference to this mortgage said Crutchfield testified, "that it was given to prevent prosecution or warrant; that plaintiff had promised him, if he would give said mortgage, he would dismiss the suit against defendants, and receive the mortgage in satisfaction of the bale of cotton in controversy." The plaintiff testified in reference to it, "that he went to see Crutchfield, on learning that he had sold to defendants two bales of cotton of his crop; that Crutchfield then promised, if he would not press him on the warrant, he would turn over to witness all of his cotton-seed, would give him a mortgage on his oxen for $75, to secure that much of the debt, and would pay all of the debt in the course of a week or two;" also, that he filled out the mortgage on the oxen, and left it with George Newton, his clerk, to be executed by Crutchfield according to his promise, during his own temporary absence from home; and that, on his return, he had the mortgage filed for record in the office of the probate judge. "The plaintiff's evidence further tended to show, also, that nothing was paid on the debt by said Crutchfield after said mortgage was given; and that about the 10th December, 1887, he sold the oxen so mortgaged to another person, who carried them off into Florida."

At the time this second mortgage was executed by Crutchfield, a letter was written at his instance, by said Newton, in plaintiff's name, addressed to the defendants, and another letter addressed to his attorney. The latter letter was not produced, but the letter addressed to defendants was offered in evidence, in these words: "Mr. Crutchfield come and settle the matter between us, and I have wrote to my attorneys to withdraw the suit filed; if not, write to Mr. Crutchfield." Plaintiff testified in reference to this letter, "that he did not write it, nor authorize it to be done; that said Newton was his clerk, but had no authority to write said letter, nor any other authority in the matter than to superintend and see to the taking of said mortgage from Crutchfield." The court

[Cobb v. Malone & Collins.]

admitted the letter as evidence, against the objection and exception of the plaintiff; and exceptions were also reserved by him to the refusal of the following charges, which were asked by him in writing: (1.) "Before the jury can find for the defendants, they must believe from the evidence that said Newton had authority from plaintiff to write said letter to defendants relating to the dismissal of this suit." (2.) "If, at the time the note [letter?] was written, Crutchfield promised to pay the entire debt due to plaintiff, in a week or two, and that promise was the inducement to the writing of the note, and Crutchfield did not pay the debt, and did not intend to pay it; then plaintiff was not forced to dismiss the suit."

The admission of the letter as evidence, the refusal of the charges asked, and other matters, are now assigned as error.

M. E. MILLEGAN, for appellant.

CLOPTON, J.—On February 5, 1887, C. D. Crutchfield executed to appellant a mortgage on an unplanted crop. In August thereafter, the mortgagor sold a bale of cotton, covered by the mortgage, to appellees, who shipped and sold the same. Appellant brought this action to recover damages for the conversion of the cotton by the defendants, with notice of his equitable lien. In answer to the action, defendants set up that Crutchfield executed to plaintiff a subsequent mortgage on other personal property, which he agreed to receive in satisfaction of the conversion of the cotton, and promised to dismiss the present suit. For the purpose of establishing this defense, and corroborating the oral testimony of Crutchfield, the defendants introduced in evidence a letter written by a clerk of the plaintiff, in his name, in which it was stated that Crutchfield had settled the matter, and that he had written to his attorney to withdraw the suit. There was no proof of the clerk's authority to write the letter, except as implied from his employment. The declarations or admissions of a person, acting as agent, must come within the scope of his authority, in order to affect or bind the principal. To accept a mortgage in satisfaction of the employer's right of action, and to agree to dismiss his suit, is not within the authority of a clerk, as such.—*Wailes v. Neal*, 65 Ala. 59. The letter was not receivable in evidence, without *prima facie* proof of authority.

Though there may be sufficient evidence to render the

[Columbus & Western Railway Co. v. Bradford.]

letter admissible, yet, if the jury, on a consideration of the entire evidence, find against the authority, they should disregard the declarations of the clerk. Notwithstanding this, the charge requested by plaintiff was properly refused. It is predicated on the idea, that authority to write the letter was essential to finding a verdict for defendants. There was other evidence, tending to show that plaintiff accepted and received the second mortgage in full satisfaction of his cause of action, based on a conversion of the cotton. If this be true, it constituted an accord and satisfaction. A release of one is the discharge of all the joint conversioners.—*Smith v. Gayle*, 58 Ala. 600. But, if the agreement was, as testified by plaintiff, to dismiss the suit, if Crutchfield would execute the second mortgage, and pay the entire debt due plaintiff in a week or two, this agreement was executory, and not available to defendants as an accord and satisfaction, or release. The second charge requested by plaintiff should have been given.

Reversed and remanded.