# McGowan *v.* Lynch.

## *Trover.*

(Decided July 2, 1907.   44 South. 573.)

1. *Trover; Damages; Detention.*—In trover the measure of damages is the value of the property conveyed at any time between a conversion and the time of the trial; but damages for detention are not recoverable.

2. *Same; Verdict.*—A verdict finding for plaintiff for the value of the property conveyed and assessing ten dollars damages for the detention and use thereof sufficiently finds the issues of conversion in favor of plaintiff to sustain a judgment for the value of the property; that part awarding damages for detention and use, although erroneous must be treated as surplusage. (TYSON, C. J. and SIMPSON, J., dissenting.)

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Trover by W. T. Lynch against Mike McGowan for the conversion of a mare. From a judgment for plaintiff, defendant appeals. Corrected and affirmed.

F. LLOYD TATE, and RUSHTON & COLEMAN, for appellant.—The verdict was not such as would justify the judgment that was rendered.—*Tisdale v. A. & N. Lbr. Co.*, 131 Ala. 456; *Moody v. Keener,* 7 Port. 218.

HOLLEY & McMORRIS, for appellee.—No brief came to the Reporter.

McCLELLAN, J.—The action is trover, and the jury returned, and the judgment was rendered on, the following verdict: "We, the jury, find for the plaintiff for the calico pacing mare valued at $40, and assess $10 damages for the detention and use thereof." The assessing of damages for the detention and use was erroneous, and

is surplussage in the verdict as rendered.—*Tatum v. Manning*, 9 Ala. 149. While the verdict in this instance is very inartfully expressed, yet, applying the rule of utmost favor always extended verdicts, and exempting, as should be done, this verdict from the strict construction to which pleadings are subject (*Moody v. Keener*, 7 Port. 233), to sustain the judgment, we think it sufficiently states the finding of the jury in this action.

In trover ordinarily the measure of damages is the value of the chattel at any time between the conversion and the time of trial. Such being the rule in ordinary cases, this verdict must be read under its influence, and all reasonable intendments and a reasonable construction are to be given it.—39 Am. & Eng. Ency. Law, pp. 1022, 1023, and notes. Observing these considerations, the verdict must be taken as finding for the plaintiff on the issues of conversion vel non, and that the damages attending that finding are the value of the animal in suit; the term "valued" being indicative of the purpose and conclusion of the jury to assess $40 as the damages to which the successful plaintiff was entitled.—*Peters v. Johnson*, Minor, 100; *Moody v. Keener, supra.*

The judgment is corrected, in so far as damages are assessed for detention and use, and, as corrected, is affirmed.

Corrected and affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.

TYSON, C. J. (dissenting).—It is elementary that a verdict must respond to the issue, or it will be bad, and no judgment can be rendered on it. The gist of the action of trover is a wrongful conversion, while that in detinue is unlawful detention. The verdict in this case is clearly one properly to be rendered in detinue. Can it

by any rule of construction be held to have responded to the issue of conversion vel non? I think not. The rule which must guide us in such cases is clearly laid down in *Traun v. Wittick,* 27 Ala. 571, in this language: "It is laid down as a general elementary rule that a verdict is void if it find only a part of the issue. * * * It must also be certain; that is, must find the fact clear to a common intent. * * * The court must not be left to infer or guess at the meaning of the jury, and to arrive at a conclusion as to the extent of their finding by argument and doubtful inference; but the facts must be found with such reasonable certainty as will enable the court to pronounce a satisfactory judgment, definitely settling the rights of the parties." In *St. Clair v. Caldwell & Riddle,* 72 Ala. 527, which was a statutory trial of right of property in a mule, the verdict was as follows: "We, the jury, find a verdict in favor of plaintiff Riddle, and value the mule at $90, and its service at $15 a year; total amount, $120." On a subsequent day of the term the jury were replaced in the box to put their verdict in proper form. The verdict was changed so as to read as follows: "We, the jury, find a verdict in favor of the plaintiffs, and against the claimant, St. Clair, and value the mule at $90 and the value of its service at $30." On this verdict the court pronounced judgment for the plaintiffs. This court said: "As a rule, there is no particular form in which verdicts shall be rendered. General verdicts are always sufficient, if they respond in substance to every material fact involved in the issue; and, doing this, the court commits no error by putting the verdict in form. * * * It is different when the verdict is imperfect in substance, and does not respond affirmatively, or by necessary implication, to the issues as formed. Such verdict is imperfect, not in form, but in substance. The presiding judge

[McGowan v. Lynch.]

should not receive an imperfect verdict, but should remand the jury for further deliberation under appropriate instructions. If the court were to attempt to aid such verdict, it would become, not the verdict of the jury, but of the court. * * * The present action being by Caldwell & Riddle, suing jointly, the paramount fact to be found by the jury, to sustain their action, was their joint ownership of the mule. They had sued jointly, and, as the pleadings stood, must recover jointly, or not at all. Hence, when the jury returned a verdict that Riddle was entitled to recover, they did not respond to the issue before them, and no judgment in favor of the plaintiffs, or either of them, could be rendered upon it." The court further held that the trial court could not reassemble the jury, after three days had elapsed, for the purpose of perfecting the first verdict, and reversed the judgment.

The purpose of this quotation is to show the rule of construction of verdicts, rather than the applicability of the facts to the case in hand. In *Moody v. Keener,* cited in the opinion of my Brothers as supporting their conclusion, the complaint against defendant was negligence, and the issue was found on that alone. The jury, instead of finding the issue, returned a verdict "that defendant did undertake and assume upon himself in manner and form as plaintiff had complained against him, and they (the jury) assessed plaintiff's damages, by occasion of the defendant's nonperformance of the said undertakings and assumptions, at," etc. This court said: "Now, can we conclude the point in issue out of this finding? We cannot, without saying that we will presume the fact, from the mere circumstance that a trial has been had and a verdict returned. The point in issue was the negligence of the defendant, and this we cannot gather from the words of the verdict." The court

further said, quoting from Judge Story, "that where a verdict is not expressed substantially in the terms of the issue, the case ought to be extremely clear that should induce a court to make it the ground of a final judgment." In *Toulmin v. Lessne & Edmonson*, 2 Ala. 359, the action was in trover, as here, for the conversion of 130 pieces of cotton bagging, of great value, of, to-wit, "of the value of $50 each." The verdict rendered was: "We, the jury, find that the defendant doth detain 130 pieces of cotton bagging, named in plaintiff's declaration, and assess the value of the same at $2,786.95." The court said: "In the case at bar the question submitted to the jury was: Did the defendant below convert to his own use, as in the declaration alleged, 130 pieces of cotton bagging (or any part thereof), the property of the plaintiff? Instead of responding to this issue, the jury have merely said 'that the defendant doth detain,' etc. Now it may be true that the defendant detained the cotton bagging, without being liable to an action for its conversion. There is nothing in the declaration (verdict) from which we can infer that the detention was tortious, so as to amount to a conversion. Possession may have been acquired by a bailment, or in some other manner, so as to make its retention perfectly legal. * * * If the action had been detinue, and tried upon the plea of non detinet, a finding by the jury that the defendant did detain would be sufficient to show that the detention was unlawful; but in trover the gist of the action is the wrongful conversion, and where that is denied by the pleading, to entitle the plaintiff to a judgment, it must be expressly or impliedly affirmed by the verdict." The judgment was reversed for a venire facias de novo.

In *Clay v. State*, 43 Ala. 350, the defendant was indicted for obtaining money by false pretenses. The ver-

dict was: "We, the jury, find the defendant guilty of obtaining money under false pretenses to the amount of $500." This court held that the verdict was special, in contradistinction to being general, and was bad, and reversed the judgment. So here the verdict is special, and not general. In *Grice v. Furguson*, 1 Stew. 36, the action was forcible entry and detainer. The jury found the defendant guilty of an "unlawful detainer." "The verdict," said the court, "does not dispose of the issue joined between the parties." In *Ramer v. Fletcher*, 29 Ala. 470, the complaint was: "The plaintiff claims of the defendant $50, due by open account," etc.; "also $50 upon an account stated," etc.; "and also $50 due upon a contract between them," etc. The case was tried on issue joined upon the complaint. The verdict was: "We, the jury, agree of and assess damages of the defendant $47, and the plaintiff with the cost," This court said: "We are not at all certain that, even under the liberal intendment made on error in support of verdicts, we can say from this verdict that the damages are assessed against the defendant; but, conceding that question to the appellee, no judgment ought to have been rendered on the verdict, because it does not respond to or decide the issue submitted to the jury." Among the cases cited approvingly as supporting this conclusion is *Jewett v. Davis*, 6 N. H. 518. It was there said: "The rule is that, if the point on which the verdict is given be so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not, it cannot be helped by intendment." In *Cannon v. Smith*, 47 Neb. 917, 66 N. W. 999, the action was ejectment. The issue presented by the pleadings was that of possession of the land by defendant. The verdict was: "We, the jury, say that plaintiff has not a legal estate in, and is not entitled to the possession of, the premises described in

the petition." The verdict was held bad, because it was silent as to defendant's possession, and therefore failed to respond to the issue. In *Crouch v. Morten*, 3 Blackf. (Ind.) 256, the action was detinue. The verdict was: "We, the jury, find the property named in the declaration to be in plaintiff, and find the value thereof to be $60." It was held that the judgment should be arrested; the verdict not showing an unlawful detainer of the property. See, also, Proffatt on Jury Trials, 3446, and cases in Am. Dig. (Cent. Ed.) 3774, p. 1947 et seq.

Not one of the cases cited by my Brothers support their reasoning or conclusion. We have already called attention to the case of *Moody v. Keener,* and will now review the others cited by them. The case of *Peters r. Johnson* is entirely in accord with the cases upon which I rely. In that case the action was trover, and the verdict was general. It was in these words.: "We, the jury, find for the plaintiff the sum of $583." It only needed the words "and assess their damages at" to be inserted between the word "plaintiffs" and the word "the" to have been in common form. In the case of *Tatum v. Manning* the sufficiency of the verdict was not in question. In that volume of the Reports (9 Ala., at page 607) is the case of *Crommelin v. Minter,* in which the verdict was held void for uncertainty and would not support the judgment.

The question here involved is not a technical one, but is of the utmost importance to litigants. "It would be ruinous, in many cases, to allow the rights of parties to be concluded by such verdicts."—*Traun v. Wittick, supra.* In my opinion the cases cited and quoted from conclude the question in hand, and demonstrate that the verdict under consideration was void, and therefore would not support the judgment, in that it failed to respond to the vital issue presented by the pleadings.

[Wright v. City of Anniston.]

My conclusion is that the judgment should be reversed, and the cause remanded for another trial.

SIMPSON, J., concurs in this conclusion.