# City Council of Montgomery
# *v.* Shirley.

*Action for Damages for Defective Bridge.*

(Decided Dec. 14, 1908.   Rehearing denied Feb. 18, 1909.
48 South. 679.)

1. *Municipal Corporation; Presentation of Claim; Torts.*—A claim against the city of Montgomery for injuries suffered on August 1907, was properly presented under the city charter, since the municipal Code act of that year had not become operative, and if operative provided against any alteration of rights or remedies accruing or existing under previous enactment.

2. *Accord and Satisfaction; Plea.*—A plea of accord and satisfaction which fails to allege either a promise given or an acceptance, or anything parted with in the premises by either party is insufficient against demurrer.

3. *Damages; Personal Injuries; Services of Physician.*—Where the complaint alleges expenses incurred in employing medical aid and buying medicine, it is competent to show the reasonable value of the services of plaintiff's physician.

4. *Appeal and Error; Questions Reviewable; Necessity for Ruling.* —Where the trial court did not rule on objection to the testimony of a physician that he did not consider plaintiff responsible but stated that the witness might give his professional opinion as to whether she was irrational, to which the defendants attorney excepted, does not present for review on appeal the objection interposed to the testimony.

5. *Trial; Objection to Evidence; Time.*—After a question has been answered an objection to the question comes too late.

6. *Costs; Prior Suit.*—Where it was conceded that the costs of a prior suit which had been dismissed by plaintiff, had been satisfied, it was proper to deny a motion to stay further proceedings in the subsequent suit because the cost of the former action has not been paid.

7. *Trial; Verdict; Certainty.*—Where the verdict was for the plaintiff assessing damages at "3000.00" it was not so defective as not to support the judgment because a dollar mark or the word dollars, was not supplied.

8. *Damages; Personal Injury; Excessive.*—A verdict and judgment for $3,000.00 is not excessive where the plaintiff was permanently injured in the leg, suffered great mental pain and distress, loss of earning capacity, and incurred large doctor's bills.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Eliza Shirley against the city of Montgomery for damages for injuries received on account of a defective bridge. Judgment for plaintiff in the sum of $3,000.00, and defendant appeals. Affirmed.

C. P. McINTYRE, for appellant. The court should have stayed the proceedings until the costs in the former suit had been paid.—*Hamilton v. Maxwell,* 119 Ala. 23. The court erred in overruling the demurrers to the complaint.—*Schroder v. Colbert County,* 66 Ala. 137; *Barrett v. City of Mobile,* 129 Ala. 179; Secs. 1 and 2, Acts 1907, p. 791. The court erred in sustaining demurrers to plea 1.—Authorities, supra. The court erred in sustaining demurrers to plea A.—*Smith v. Elrod,* 122 Ala. 269. The court erred in permitting Dr. Montgomery to

[City Council of Montgomery v. Shirley.]

state the reasonable value of his services to the plaintiff.—*Lewis v. Paul,* 42 Ala. 136; 13 Cyc. 189. The court erred in permitting Dr. Montgomery to state that at times plaintiff was irrational, as he did not qualify as an expert.—*Gunter v. The State,* 83 Ala. 96; *Parsons v. The State,* 81 Ala. 577; *Ford v. The State,* 71 Ala. 385. The suit was improperly brought in the name of Mrs. Shirley, as the sworn statement shows that her name was Woodall.—*Paymer v. Fletcher,* 29 Ala. 470; *A. G. S. R. R. Co. v. Burgess,* 119 Ala. 555.

HILL, HILL & WHITING, for appellee. The court properly overruled the demurrer to the complaint.—Secs. 1047, 1048 and 1050, Code 1907. The court properly sustained demurrers to plea A.—1 Cyc. 313. The court did not err in reference to Dr. Montgomery's testimony, as the witness never answered the question.—*L. & N. R. R. Co. v. Maybury,* 132 Ala. 521; *Sanders v. The State,* 134 Ala. 84. The doctor qualified as an expert. It was competent to prove plaintiff's health prior to her injury.— *Dowling v. The State,* 44 South. 408. The verdict was intelligent.—*Wiggins v. Witherington,* 96 Ala. 535; *Hopkins v. Orr,* 124 U. S. 510. The verdict was not excessive.—*Southern Ry. Co. v. Crowder,* 130 Ala. 256.

McCLELLAN, J.—The action is for damages for an injury suffered on account of a defect in a bridge in a public street, which the municipality was bound to keep in repair. Plea 1 proceeds on the theory that the method for the presentation of this claim should have been as is provided in the Municipal Code (Acts 1907, pp. 790 et seq.), a method different from that prescribed in the charter of the city of Montgomery and pursued in this instance. The injury was suffered in August, 1907.

159—16

We have held that the Municipal Code did not go into effect, except as its operation was accelerated under section 199 of the Municipal Code, until September, 1908. —*Ward v. Parker,* 154 Ala. 227, 45 South. 655. Independent of this, however, the second paragraph of section 3 of the Municipal Code evidently contemplated no alternation of rights or remedies accruing or existing under enactments in operation before the Municipal Code was enacted. Accordingly the plea was properly stricken on demurrer; and for like reason the demurrers to the complaint were correctly overruled.

Plea A, as originally filed, undertook to set up as an accord executed, or an accord and satisfaction, merely an executory—unexecuted in any respect—agreement to pay the claim of the plaintiff at a certain sum, upon approval thereof by the city council of Montgomery. No promise was averred to have been given, much less accepted, and nothing was parted with in the premises, by either party.—*Cobb v. Malone,* 86 Ala. 571, 574, 6 South. 6; *Smith v. Elrod,* 122 Ala. 269, 24 South. 994, 1 Cyc. pp. 311, 313, 314. The demurrer thereto was, hence, properly sustained. The granting of the motion to exclude all the testimony relating to the alleged settlement before mentioned was without prejudice to the appellant. Amended plea A, then averred tender of the agreed sum and the acceptance of the promise of the city by Calloway for appellee, is, in these material aspects entirely without support in the evidence.

Each count of the complaint contained, as an element of damages accruing to appellee by reason of her injury, the averment of expenses in employing medical aid and buying medicine. Accordingly it was competent, against the objection that such damages are not claimed, to show by Dr. Montgomery what was a reasonable bill for the services rendered her by him.

During the examination of Dr. Montgomery the bill recites this: "The attorney for the plaintiff asked the following question: 'How long would the irrational spells last? A. It was continual for probably three or four weeks. I did not consider that she was responsible for her actions. The attorney for the city objected, and moved to exclude the statement that the doctor did not consider her responsible. The court then said: 'I will let him give his professional opinion that she was irrational.' The attorney for the city then and there excepted." We have quoted the bill in this particular to demonstrate that the court never ruled upon the motion to exclude; and hence no ruling for review is presented.

The objection to the question, to Mrs. Griggs, as to plaintiff's health before the injury, was interposed, the record shows, after the witness had answered the question. It was then too late.—*Dowling v. State*, 151 Ala. 131, 44 South. 403.

The motion to stay the prosecution of this action, because the cost of a previous action, upon the same cause and against this defendant, which was dismissed by plaintiff, had not been paid, was properly overruled upon the conceded fact that such costs had been satisfied.

The verdict rendered was as follows: "We the jury find for the plaintiff and assess the damages at 3,000.00." The judgment rendered was for $3,000. On motion for new trial it was objected that the verdict was indefinite in the assessment of the amount of the damages; and it is now argued that a dollar mark or the word "dollar" must be supplied, and that without warrant, in order to render the verdict sufficiently certain. In the construction of verdicts it was early declared here that "the utmost favor has always been extended to verdicts, and they are not construed strictly, as pleadings are."— *Moody v. Keener*, 7 Port. 233. And in *Toulmin v.*

*Lesesne,* 2 Ala. 363, it said: "Courts will always mold and construe a verdict as to make it legal if possible, and will never give to it the opposite construction, unless forced by the terms in which it is expressed."—*Mc-Gowan v. Lynch,* 151 Ala. 458, 44 South. 573. In the light of this rule of favor to verdicts, we feel no hesitancy in affirming that the period preceding the two last ciphers in the line of figures written in the verdict was intended by the jury, and must be so construed, as indicating that the figures to the right of the period refer to cents and those to the left to dollars, thus making the verdict for the sum stated in the judgment. Aside however, from the influence accorded the rule, we think that the method of numerical statement employed by this jury could be sustained by recourse to the common knowledge on the subject. The division of a line of figures by a period or reverse comma are the most common methods of indicating that the figures to the right thereof are cents and those to the left dollars. The amount of the verdict in this case is large and unreasonable, or fair and reasonable, as those conclusions are invited by a belief or disbelief, respectively, of the testimony presented to the jury bearing upon the extent and consequences of the injury suffered. The jury had before them testimony which, if credited, showed a case of permanent injury in the leg, great pain and mental distress endured, loss of earning capacity at least for a period, and considerable expense incurred for medical aid and medicines. Under such circumstances we cannot disturb the jury's finding.

We have considered all the assignments of error insisted upon. There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, ANDERSON, and DENSON, JJ., concur.