[Marsh v. Fricke.]

# Marsh *v.* Fricke.

## *Assumpsit.*

(Decided June 30, 1911.   56 South. 110.)

1. *Judgment; Persons Affected; Privies and Title.*—A judgment in ejectment against one from whom defendant purchased land would operate on defendant's title as he was a privy to the judgment defendant.

2. *Accord and Satisfaction; Operation and Effect; Change of Condition.*—The defendant purchased land from another and sold the timber thereon to plaintiff, and afterwards a judgment in ejectment for the land was rendered against his vendor.   Defendant informed plaintiff that plaintiff must cut no more timber from the land, and if defendant agreed to pay and plaintiff agreed to accept a certain sum in settlement of his claim against the defendant for failure of the title to the timber, there was a valid contract of satisfaction of the claim and a subsequent conveyance of the land by the ejectment plaintiff to the ejectment defendant would not affect the agreement.

3. *Assumpsit; Right of Action.*—Where the contract was that the defendant was to pay and plaintiff was to accept a certain sum in satisfaction of a claim, there was nothing for plaintiff to perform under such a contract and he could recover upon the common count.

4. *Frauds; Statute of; Necessity of Pleading.*—The defense of the statute of frauds is considered waived if not pleaded, and to be taken advantage of as a defense must be specially pleaded.

5. *Same; Contracts; Surrender of Right.*—An oral contract or agreement by which defendant agreed to pay and plaintiff agreed to accept a certain sum in satisfaction of plaintiff's right of action against defendant for failure of title to timber sold was not within the statute of frauds.

6. *Evidence; Declarations; Self Serving; Res Gestae.*—Where the action was for damages for failure of title to timber sold plaintiff and the court held that plaintiff was entitled to recover only upon the theory that there was an unconditional promise to pay plaintiff for a release, it was not competent for plaintiff to show that he had a contract with the saw mill to cut the timber and after making the contract with the defendant notified the mill not to cut it as it was nothing but a self serving declaration and not a part of the res gestae of the contract.

7. *Appeal and Error; Harmless Error; Evidence.*—Error in admitting evidence not a part of the contract and which is a self serving declaration, cannot be said to be harmless.

8. *Presumption.*—Unless the record affirmatively shows to the contrary, it is presumed that error is injurious. ·

[Marsh v. Fricke.]

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Charles Fricke against W. P. Marsh. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following charges were refused to the appellant: (1) The general affirmative charge. (2) "The court charges the jury that there is no evidence that Marsh's title to the timber was not good." (3) Affirmative charge as to the fourth count. (4) Affirmative charge as to the fifth count.

The following charges were given for the defendant: (E) "The burden of proof is on the plaintiff to prove to the reasonable satisfaction of the jury that Marsh made an agreement to pay plaintiff a fixed sum, and he must prove also by the same measure of proof that this promise of Marsh was subject to no contingency or condition, and if Marsh really agreed to pay such sum only on condition that he was dispossessed of the land, or only on condition that Farrow would pay Marsh such sum on account of Fricke's claim, and if Marsh was never dispossessed of the land, and if Farrow never paid to Marsh such sum to be paid Fricke, then you must find for the defendant."

It appears from the bill of exceptions that Marsh sold to Fricke all the growing timber now standing on certain lands for a consideration of $80 in cash and $80 before a given date, with certain other provisions not necessary to be here set out. It seems that after this contract was made an ejectment suit was brought, covering the lands on which the timber had been sold, and that Marsh lost the land, and told Fricke not to cut any more timber therefrom, and that it was agreed that Marsh would settle with him by paying him $175, when he had had a settlement with Farrow; that Far-

[Marsh v. Fricke.]

row had given Marsh a warranty deed, and after Marsh lost the land Farrow made a settlement with May, whereby May was to convey Farrow the land for $750, and this agreement was subsequently carried out. The evidence also tended to show that Farrow had never paid Marsh anything on account of Fricke's claim against Marsh.

STREET & ISBELL, for appellant. Marsh rested under no liability to Fricke prior to and independent of the alleged promise to pay $175.00, as his possession was never disturbed or interfered with by the suit of *May v. Farrow.*—11 Cyc. 1121,, 1125-6; *Oliver v. Bush,* 125 Ala. 534; *Copeland v. McAdory,* 100 Ala. 553. Charge 2 should have been given.—11 Cyc. 1137. There was nothing but a statutory warranty and this did not cover an eviction under a paramount title, not derived from Marsh.—*Heflin v. Phillips,* 96 Ala. 561; *Hood v. Clarke,* 141 Ala. 397. The mere promise of Marsh to pay $175.00 could create no liability where none existed before, and there was no new consideration.—*Thompson v. Hudgens,* 116 Ala. 93; *Emory v. Royal,* 117 Ala. 299. It therefore, became incumbent on plaintiff to prove a consideration for the promise.—*Newton v. Brooks,* 134 Ala. 269. The common count was not the appropriate form of action for a recovery in this case. —1 Cyc. 362, 366; 4 Id. 326; 1 A. & E. Enc. of Law, 434-437; 27 L. R. A. 811; *Fuller v. Dureen,* 36 Ala. 73; *Darden v. James,* 48 Ala. 33; *Burkham v. Sphere,* 56 Ala. 547.

McCORD, ROPER, INZER & STEELE, for appellee. No new or additional consideration was necessary to support the contract, or a modification or a cancellation thereof.—*Langford v. Cummins,* 4 Ala. 46; *Thomason*

*v. Dill,* 30 Ala. 444; *Murphy v. Barefield,* 27 Ala. 634; *Holt v. Robinson,* 21 Ala. 106; *Rutledge v. Townsend,* 38 Ala. 706; *Morris v. Langerfelt,* 103 Ala. 608.

DE GRAFFENRIED, J.—The complaint, so far as the present appeal is concerned, may be treated as one of only two counts, one on an open account, and the other on an account stated. The undisputed facts were that the appellant sold to the appellee certain timber standing upon real estate which had been conveyed to appellant by one Farrow; and after appellant sold said timber to appellee, one May, who had brought a suit in ejectment for the land on which said timber was situated against Farrow, recovered a judgment against said Farrow for the land in said ejectment suit. The evidence for the plaintiff (appellee here) tended to show that when May recovered the judgment against Farrow for the land he had not cut any, or substantially any, of the timber from the land, and that the defendant saw plaintiff, and the following is the plaintiffs version of what occurred: "The next time when the trial came up between May and Farrow he stopped at my store and told me not to cut any more timber, because he did not have any; that he had lost the land; that the suit had gone against him. This was during the time I was to get the timber off. This is all he said at that time. A few days later he came back, stopped in front of my store, and asked me what I would take. He said he was on his way to settle up with Farrow. I told him I would take $175 without a lawsuit; he said, 'All right, I will settle up, and when I come back I will pay you.' He has never paid the $175. I have never been on the land since. Not in possession of it now, nor when the suit was brought."

[Marsh v. Fricke.]

The defendant denied, in toto, the above agreement, and testified that he had an agreement with Farrow that if Farrow lost the ejectment suit he would protect him, and that Farrow did protect him by paying May $750 for the land and obtaining a deed from him to the land, and as to this latter fact there was no dispute. The evidence for the defendant further tended to show that the plaintiff did cut and carry away from the land all of the timber on the land of sufficient value to justify the cost of its removal.

When May recovered a judgment against Farrow for the land, that judgment was operative upon defendant's title to the land. The defendant claimed the land by purchase from Farrow, and only as a purchaser from Farrow, and as he stood in the relation of a privy to Farrow the judgment against Farrow was binding on him.

If, therefore, after Farrow lost the ejectment suit, the defendant saw the plaintiff and informed him of the situation, and that he must cut no more timber, because he had no title to it, and the plaintiff agreed to take $175 for his rights against the defendant, and the defendant agreed to pay that sum, there was, under the pleadings in this case, a valid contract, and the subsequent conveyance by May to Farrow of the land had no effect upon the agreement.

The fact that the contract, if made, was oral and not in writing cannot avail appellant. Unless the statute of frauds is specially pleaded as a defense to a suit on a contract void by reason of such statute, the defense is thereby waived, and the contract is treated by the courts as valid. If, as contended by appellant, this was a contract which was void under the statute of frauds, he waived that defense when he failed to plead it.— Strouse v. Elting, 110 Ala. 132, 20 South. 123.

In reality, however, the above quotation from the plaintiff's evidence tends to show simply an accord. The defendant had sold the timber to the plaintiff. The defendant, through the judgment against Farrow, had lost the title to the land and the plaintiff, through that judgment, had lost his title to the timber. This being true, the plaintiff had a right of action against the defendant for damages, for, if that cause of action was settled by the agreement of the defendant to pay the plaintiff $175, the contract was one not within the influence of the statute of frauds. The fact that Farrow subsequently reinvested the defendant with title to the land by a purchase from May could not, in any way, affect a valid contract between plaintiff and defendant previously made. It therefore follows that the court committed no error in refusing to give to the jury charges 1 and 2 asked by appellant.

In this case, if there was a contract, as the evidence for the plaintiff tended to show, then as there was nothing under the contract for the plaintiff to do on his part, and only the duty rested on the defendant to pay the money, a recovery could be had under the common counts. There was, therefore, no error in the court's refusal to give charges 3 and 4 requested by the defendant.—*Ezell v. King,* 93 Ala. 470, 9 South. 534; *Darden v. James,* 48 Ala. 33; *Hunter v. Waldron,* 7 Ala. 753.

The court, in charge E requested by the defendant, properly charged the jury that the plaintiff was entitled to recover if there was an unconditional promise by the defendant to pay him for a release, and that he was not entitlted to recover upon any other theory. This being true, we are unable to perceive, in any aspect of the case, the relevancy of that part of the evidence introduced by the plaintiff, against the objection

of the defendant, tending to show that plaintiff had a contract with a sawmill to cut up the timber, and after the making of the alleged contract notified the sawmill not to cut the timber. The plaintiff might have ordered the sawmill not to cut the timber, because he had made up his mind that the value of the timber on the land would not justify that expense, or he may have done so because he knew of the judgment in ejectment, and had decided to lay no further claim to the timber, but to sue the defendant because of the failure of the title to the timber. At any rate, it formed no part of the res gestae of the contract, was as to the contract res inter alios acta, and was, in fact, an effort by the plaintiff to strengthen his evidence by a self-serving declaration or act made or performed after the making of the alleged contract. It is not contended that the plaintiff informed the defendant of his purpose to order the mill not to cut the timber, and that it was relevant upon the theory that it tended to show that defendant, by permitting plaintiff so to do, was estopped from claiming that the contract was not an unconditional one, and we know of no theory upon which its materiality or relevancy can be upheld.

Neither are we able to say that by permitting this evidence to go to the jury the court committed harmless error. Error without injury is not presumed. The converse of that proposition, injury is presumed from error, is the true doctrine. The record does not affirmatively rebut the presumption of injury from the error of the court in permitting this evidence to go to the jury, and we therefore presume that substantial injury was thereby done.

This cause, for the error pointed out, is reversed and remanded.

Reversed and remanded.