# Tallassee Falls Mfg. Co. v. Parks, *et al.*

*Action on Injunction Bond.*

(Decided Nov. 14, 1911.    56 South. 588.)

1. *Injunction; Action on Bond; Pleading.*—Where an injunction was granted restraining the sale of real estate, upon bond conditioned on the payment of damages and cost sustained, and the injunction is dissolved a complaint on the bond which alleges the dissolution of the injunction and the incurring of expense in employing counsel in procuring the dissolution of injunction and defending against the suit, assigns as breach of the bond only the failure to pay counsel fees and costs incurred ,and hence evidence of losses incurred on account of rents lost and on account of a failure to sell the property by reason of the injunction, is not admissible.

2. *Appeal and Error; Harmless Error; Evidence.*—Error is presumed from the erroneous admission of evidence, unless the record shows the absence of injury; hence, where the court admitted evidence of items of damage not recoverable under the complaint, it was error to reversal, though there was sufficient proper evidence to justify the verdict rendered, as the court cannot tell whether the jury in arriving at their verdict, did or did not consider the improper evidence.

APPEAL from Tallaspoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. D. Parks and another against the Tallassee Falls Manufacturing Company, on an injunction bond.    Judgment for plaintiff and defendant appealed.    Reversed and remanded.

J. M. CHILTON, and GEORGE SORRELL, for appellant. Error in admission of evidence is cause for reversal, unless the record affirmatively rebuts the idea of injury. In this case the court admitted evidence of a number of damages not claimed in the complaint and its action in doing so was fatally erroneous.    The court cannot know that the jury did not take these items into consideration in arriving at their verdict.—*R. R. Co. v. Vaughn*, 93 Ala. 209.

[Tallassee Falls Mfg. Co. v. Parks, et al.]

JAMES W. STROTHER, for appellees. No brief came to the Reporter.

DE GRAFFENRIED, J.—The appellant filed a bill in chancery to enjoin appellees "from selling, leasing, or disposing of, and from attempting to sell, lease, or otherwise dispose of," certain lands described in the bill. A temporary injunction was granted, and, as a preliminary thereto, appellant was required to execute a bond to appellees in the sum of $300, conditioned "to pay all damages and costs which any person may sustain by the suing out of such injunction if the same is dissolved." The bill was demurred to by the appellees, and a motion to dissolve the injunction was also filed by them in the cause. The chancellor overruled the demurrer and refused to dissolve the injunction, but, upon appeal to the Supreme Court, this bill was held to be without equity and was dismissed for that reason, and thereupon an order was made dissolving the injunction. This suit was brought by appellees against appellant for the damages sustained by them by reason of the suing out of said injunction.

The complainant sets out the bond, and then charges as follows: "And the plaintiffs say the condition of said bond has been broken by the defendants, in this: that the said injunction has been dissolved, and the defendants have failed to pay the plaintiffs all such costs and damages as they have sustained by the suing out of said injunction, and the plaintiffs aver that they have been put to great expense in employing counsel, in attending court, etc., in procuring a dissolution of said injunction, and defending against the same, all of which is to the great damage of the plaintiffs. in the said sum of $300."

It is manifest that the only breaches of the bond assigned in the complaint are as to counsel fees and the costs incurred in attending court. To be specific, there is no assignment of a breach of the bond in so far as any loss in the depreciation of the market value of the property or the loss of rents is concerned. "An aver-ment of a breach of a bond only entitles a plaintiff to recover what he is legally entitled to by reason of the breach."—*Ansly v. Mock,* 8 Ala. 44. "Where the plaintiff in an action of covenant specifies breaches in his declaration, he cannot recover for other breaches not particularly stated."—*Governor v. Wiley,* 14 Ala. 172; *Kirby v. Forbes,* 141 Ala. 294, 37 South. 411.

Having assigned the failure to pay counsel fees and the expense of attending court as the only damages suffered by reason of the breach of such bond, the appellees, under their complaint, were only entitled to recover such damages. It follows, therefore, that the court committed error in permitting appellees against the objection of appellant to offer any evidence as to any losses incurred by them on account of any rents lost by them, or on account of a failure to sell the lands or any part of them, by reason of said injunction.

There was sufficient evidence in the case for the jury to have found that the appellees were entitled to the amount ascertained by their verdict to be due them for their counsel fees and costs incurred by them in obtaining the dissolution of the injunction, but this court does not know that in arriving at that verdict the jury did not consider the evidence which the court had permitted to go before them tending to show some loss on account of the depreciation in the value of the real estate, loss of rents, etc. When error is shown, the law presumes that injury thereby resulted, unless the entire record shows affirmatively that no injury was done there-

by. In this case we cannot hold that the record affirmatively shows that no injury was done appellant by reason of the introduction of the illegal evidence above referred to.—*Railroad Co. v. Vaughan,* 93 Ala. 209, 9 South. 468, 30 Am. St. Rep. 50; *Marsh v. Fricke,* I C. of App. 649, 56 South. 110.

For the error pointed out, this cause is reversed and remanded.

Reversed and remanded.