# Letson *v.* Hall.

## *Assumpsit.*

(Decided May 9, 1912.   58 South. 740.)

*Evidence; Declaration of Third Person; Hearsay.*—Where the evidence for the plaintiff tended to show that the defendant was liable on the notes sued on as a surviving partner, declarations of the alleged deceased partner that he was sole proprietor of the business, not made in the presence of either of the parties, nor under circumstances rendering them unfavorable to the pecuniary or proprietary interest of the deceased partner, and not made under such circumstances as to raise a presumption of freedom from infirmities justifying their exclusion, were hearsay, and not admissible.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by A. J. Letson against J. W. Hall, as surviving partner. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The action was upon eight notes executed by Sanders & Hall to the plaintiff, and the other facts will be found reported in *Letson v. Hall,* 1 Ala. App. 619, 55 South. 944. The defendant, over plaintiff's objection, permitted various witnesses to state in substance that Sanders, before his death, made several declarations, declaring in effect that Hall was not a partner in the business.

ESTES, JONES & WELCH, for appellant.   For a former report of this case see *Letson v. Hall,* 1 Ala. App. 619.

The court erred in admitting proof of the declarations of the alleged deceased partner.—*Letson.v. Hall, supra; Alexander v. Handley,* 96 Ala. 220; 9 Enc. of Evid..565. Counsel discuss charges given and refused with citation of authority, but in view of the opinion, it is not deemed necessary to here set them out.

PINKNEY SCOTT, for appellee. This case should be affirmed on the authority of *Letson v. Hall,* 1 Ala. App. 619.

WALKER, P. J.—This is the second appeal in this case.—*Letson v. Hall,* 1 Ala. App. 619, 55 South. 944. It is not deemed necessary to add anything to what was said in the opinion rendered in disposing of the case on the former appeal as to the rules of law applicable to such evidence as was developed in the trial which resulted in the judgment now under review touching the principal controverted question in the case as to whether the defendant (the appellee here) is liable on the demands sued on as the surviving partner of one D. N. Sanders, who died before the suit was brought.

Over objections duly interposed by the plaintiff, the defendant was permitted to elicit from several witnesses testimony as to declarations made by Sanders, his alleged deceased partner, to the effect that the defendant was not his partner in the business which he was conducting. It was not made to appear in any way that those declarations were made under such circumstances as to render them unfavorable to the pecuniary or propriety interest of the declarant in such sense as to make proof of them available to the defendant as evidence in his behalf. On the contrary, the declarations testified to were made to strangers to either of the parties to this suit, and when neither of them was present, and were

[Bank of Cartersville v. Gunter.]

of such a nature as to be favorable to a claim of the declarant that he was the sole proprietor of the business in reference to which he spoke. The evidence so admitted, being as to mere declarations of a third party, made extrajudicially in the absence of the party against whom they were offered, plainly was heresay; and the declaration testified to were not of such a nature, nor were they shown to have been made under such circumstances, as to raise a presumption that they were free from the infirmities which usually justify the exclusion of such evidence when offered against a third party, or to bring them within any recognized exception to the general rule against the admissibility of hearsay testimony.— *Alexander v. Handley, Reeves & Co.*, 96 Ala. 220; 11 South. 390; *Humes v. O'Brien*, 74 Ala. 64; *Hart v. Kendall*, 82 Ala. 144; 3 South. 41; *Sheppard v. Austin*, 159 Ala. 361, 48 South. 696; Jones on Evidence, §§ 323, 324. It was materially prejudicial to the plaintiff to permit the evidence offered by him which tended to prove that the defendant was liable as surviving partner on the demands sued on to be rebutted by such hearsay testimony. The error committed in the admission of that evidence requires a reversal of the judgment.

Reversed and remanded.