169 So. 11

## PEINHARDT et al. v. BONNER.

### 6 Div. 986.

Supreme Court of Alabama.

June 18, 1936.

St. John & St. John, of Cullman, for appellants.

James & Stewart, of Cullman, for appellee.

GARDNER, Justice.

Plaintiff sued Fred W. Peinhardt, D. S. Heck, and Lonnie Walker in trespass to realty—a vacant lot which he held as tenant, and upon which he had grown vegetables and flowers. Defendants Heck and Walker committed the actual trespass by going upon the lot and erecting a small storehouse thereon. The lot was formerly owned by the father of defendant Peinhardt, and there was evidence from which the jury could reasonably infer that defendants Heck and Walker were acting under directions and as agents for Peinhardt in committing the trespass upon the property, as above indicated. There was verdict against all three defendants, and from the judgment following all have appealed, though Peinhardt alone assigns errors.

As no reference appears in the brief to assignments of error, its consideration is rendered somewhat confusing; but as no point is made concerning noncompliance with Supreme Court rule 10 (Ogburn-Griffin Grocery Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434), we pass that question without further comment.

The point is made, however, that objections to evidence, as to which complaint is made, were not separately interposed by appellant Peinhardt, and were clearly unobjectionable as to the other defendants. The point is well taken, with one

exception relating to the question of accord; and satisfaction. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2. But as to that defense there is no pretense plaintiff had received or accepted any money or other thing of value. The general rule is that an accord, in order to operate as a discharge of a debt, must be executed (Smith v. Elrod, 122 Ala. 269, 24 So. 994), and there must be an acceptance of the thing offered in satisfaction. Karter v. Fields, 140 Ala. 352, 37 So. 204; City of Montgomery v. Shirley, 159 Ala. 239, 48 So. 679; Cobb v. Malone, 86 Ala. 571, 6 So. 6; 1 Corpus Juris, 529–534.

Any mere unexecuted agreement as to a compromise settlement will not suffice, and this is the utmost that the proffered proof tended to show. As to any statements made by Heck and Walker, there could, of course, be no objection thereto on their part, and as to Peinhardt, as previously indicated, no separate objection was interposed.

These observations likewise apply to proof offered that the contractor sold the material for the house to Walker and not to Peinhardt. As to these rulings appellee has cited in support thereof Bibby v. Thomas, 131 Ala. 350, 31 So. 432; Alexander v. Handley, Reeves & Co., 96 Ala. 220, 11 So. 390; Letson v. Hall, 4 Ala.App. 537, 58 So. 740; Marsh v. Fricke, 1 Ala.App. 649, 56 So. 110; Couch v. Couch, 141 Ala. 361, 37 So. 405.

But as the questions are not here so presented as to call for a decision thereon, we merely note them, with the observation that by such treatment we intend no indication that reversible error intervened. Indeed, from a casual consideration only we are inclined to a contrary view.

But all this aside, and conceding for argument's sake only the correctness of the insistence as to such proof, we do not think error to reverse could be predicated thereon, as it was merely cumulative of testimony offered without objection, and which was undisputed that as to Peinhardt he neither purchased any material for any such building nor authorized the purchase thereof.

We find no reversible error in the record, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.