170 So. 481

## CITIZENS INS. CO. v. MATHIS.

### 8 Div. 674.

Supreme Court of Alabama.

Oct. 29, 1936.

Street & Orr, of Albertville, for appellant.

D. Isbell, of Guntersville, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by appellee, D. W. Mathis, against the Citizens Insurance Company, and Mary Painter.

The averments of the bill show that Mary Painter was interested in the subject matter of the litigation, and was, therefore, a necessary party to the suit.

The appeal is prosecuted by the Citizens Insurance Company from a decree of the circuit court setting aside and annulling for fraud a certain agreement for the settlement of the loss sustained by Mathis, occasioned by the destruction by fire of two buildings, which were insured by appellant. By rider attached to the policy, it was stipulated that any loss or damage that "may be ascertained and proven to be due the insured under this policy shall be held payable to Mary Painter, Albertville, Alabama as her interest may appear, subject, nevertheless, to all conditions of the policy."

It appears from the bill that appellee, Mathis, owned a tract of land in Marshall county upon which he had a residence and barn in the year 1932; that he applied to, and obtained from, the Citizens Insurance Company a policy of insurance on both the residence and barn. The total amount of the insurance was $600; that while this policy was in force both of said buildings were destroyed by fire.

It further appears that after the fire the company's adjuster visited Marshall county, and undertook to agree with the said Mathis upon the amount of the loss. The amount of the loss finally agreed upon by the said Mathis and the adjuster was fixed at $235.

The bill charges: "That this agreement or adjustment as to the amount of complainant's damage, and what he should receive under his policy as a result of said destruction by fire, is fraudulent and void, and complainant should not be bound by the same for this: that the special agent of the insurance company, to-wit, one Mr. W. T. Price, and also another agent of

the company, Mr. Chester Rains of Albertville, Alabama, approached complainant for an adjustment of his fire loss, as stated in this bill, and they represented and stated to complainant during the negotiation and settlement of this loss, that his policy was void, had no legal binding effect, and could not be enforced in a court of law. This representation, made to complainant by said agent of said company, was false, fraudulent, and made for the purpose of inducing him into entering into an agreement adjusting the loss and fixing the same at two hundred thirty-five and no one-hundredths dollars. That said policy is valid and of legal binding effect, and can be enforced in a court of law, but complainant was ignorant as to the binding and legal effect of his policy, and believed the statements of the agents of the company and acted upon the same, even to the signing of the contract of the adjustment of the loss, at two hundred thirty-five and no one-hundredths dollars."

In paragraph 5 of the bill it is averred that the agreement for the adjustment of the loss was and is void and of no effect, because said agreement "was not based on any valuable consideration and has never been executed and therefore void and of no effect."

To the bill, the respondent Citizens Insurance Company, appellant here, filed numerous grounds of demurrer. This demurrer was overruled by the court, and thereafter the cause proceeded to a final decree on pleadings and proof.

The court, in its final decree, granted complainant relief, and annulled and set aside the agreement and settlement had between the parties, and referred certain matters to the register for report thereon.

The first error assigned by appellant for a reversal of the decree of the court below presents for our consideration the propriety of the court's action in overruling the demurrers to the bill. One of the insistences here made is that the bill is without equity, in that the complainant has a full, complete, and adequate remedy at law. Of course, if this is true, the court committed error in not sustaining respondent's demurrer and dismissing the bill.

■ The doctrine is well settled in this state that courts of equity will not exercise jurisdiction to grant purely equitable remedies, such as cancellation, in any case where the remedy at law, either affirmative or defensive, which the defrauded party might obtain, would be adequate, certain, and complete. 21 Corpus Juris, 68; 2 Pomeroy Eq.Jur. (3d Ed.) § 914; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656.

"No matter how gross the fraud may be, if the party can have full, complete and adequate redress at law, he cannot go into a court of equity." Knotts v. Tarver, 8 Ala. 743.

To this rule our court has steadfastly adhered through the years. The first direct statement of this doctrine seems to have been made in our early case of Sadler v. Robinson's Heirs, 2 Stew. 520.

In the case of Dickinson v. Lewis, Garthwaite & Co., 34 Ala. 638, 639, Chief Justice Walker, in speaking for this court, observed: "Fraud is, of itself, a ground of equity jurisdiction. But this rule is not universal in the jurisprudence of England, or in any of the United States. The doctrine of this court is, that notwithstanding the fraud, 'if the party can have full, complete and adequate redress at law, he can not go into chancery.'—Knotts v. Tarver, 8 Ala. 743; Russell v. Little, 28 Ala. 160. By that doctrine, as expounding a just and convenient rule, too long recognized in this State to be lightly departed from, *we will abide,* without inquiring whether it harmonizes with all the decisions upon the subject." (Italics supplied.)

It may be stated, as firmly settled in this state, that, where the defrauded party, by immediate affirmative action, can obtain relief by suit at law, he will not be allowed to resort to a court of equity. To this rule there may be one or two exceptions, not here applicable, and therefore unnecessary to be stated.

■ In the case now before us the complainant was in a position to institute an action on the policy in a court of law and have the question of fraud fully tried. This being true, the bill shows no right in the complainant to resort to a court of equity to be relieved from the alleged fraud. His remedy at law was not only full, complete, and adequate, but he was in position to take immediate affirmative action. The bill, in this aspect, was without equity. Merritt et al. v. Ehrman, 116 Ala. 278, 22 So. 514; National Life & Accident Ins. Co. v. Propst, supra; Sadler v. Robinson's Heirs, supra; Knotts v. Tarver, supra; Youngblood v. Youngblood, 54 Ala. 486; Smith's Ex'r v. Cockrell, 66 Ala. 64.

148

So if, as the complainant avers, the settlement was procured by fraud on the part of the agents of the insurance company, he may proceed without any sort of obstacle with his action at law, and, should the defendant in the action attempt to set up the settlement as a defense, the plaintiff could reply that the settlement was procured by fraud, taking care to aver the facts showing such fraud.

It is also charged in the bill, as a ground for relief, that there was in fact no accord and satisfaction. If this is true, the complainant still has his full and adequate remedy at law, and shows no right to equitable relief on this score.

A mere unexecuted agreement as to a compromise settlement is not an accord and satisfaction of the debt. The general rule is that an accord, in order to operate as a discharge of a debt, must be executed, "and there must be an acceptance of the thing offered in satisfaction." Peinhardt et al. v. Bonner, 232 Ala. 566, 169 So. 11; Smith v. Elrod, 122 Ala. 269, 24 So. 994.; City of Montgomery v. Shirley, 159 Ala. 239, 48 So. 679; Cobb v. Malone, 86 Ala. 571, 6 So. 6; 1 Corpus Juris, 629-534.

As we construe the bill in this cause, it is without equity, in either of its aspects, and the court committed error in overruling the demurrers of the respondent Citizens Insurance Company thereto. Accordingly, a decree will be here entered sustaining the demurrers and dismissing the bill, but without prejudice.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.